488 A.2d 639

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Jerald William DONALDSON.**

Superior Court of Pennsylvania.

Submitted Nov. 21, 1984.

Filed Feb. 22, 1985.

238

Dara A. DeCourey, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellee.

Before BROSKY, ROWLEY and JOHNSON, JJ.

JOHNSON, Judge:

The Commonwealth of Pennsylvania takes this appeal from the order of the trial court quashing that part of the Information which charged defendant, Jerald William Donaldson, with felony Aggravated Assault under 18 Pa.C.S. § 2702(a)(1), and which amended this Information to charge defendant with misdemeanor Aggravated Assault under 18 Pa.C.S. § 2702(a)(4).[1] The Commonwealth argues that the court erred in holding that the police complaint did not afford defendant sufficient notice of the charge of felony Aggravated Assault. We agree with the Commonwealth and reverse.

The parameters for a properly drafted Information are set forth in Pa.R.Crim.P. 225 which, in relevant part, reads:

(b) The information shall be signed by the attorney for the Commonwealth and shall be valid and sufficient in law if it contains:

.    .    .    .    .

(5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint. . . .

Rule 225(b)(5) does not require that the crime charged in the Information be identical to that charged in the Complaint as long as the charge is cognate to the one laid in the Complaint. *Commonwealth v. Taylor*, 324 Pa. Super. 420, 471 A.2d 1228 (1984); *Commonwealth v. Wilkinson*, 278 Pa.Super. 490, 420 A.2d 647 (1980); *Commonwealth v. El*, 273 Pa.Super. 1, 416 A.2d 1058 (1979); *Commonwealth v. Epps*, 260 Pa.Super. 57, 393 A.2d 1010 (1978).

In *Wilkinson, supra,* we wrote:

As stated in *Commonwealth v. Cortes*, 182 Pa.Super. 602, 605, 128 A.2d 155, 156 (1956), "The police and other law enforcement officers and justices of the peace who formulate the complaints are not expected to be learned in the law." If the complaint puts the defendant on

---

1. The Commonwealth may appeal from an order quashing an indictment *Commonwealth v. Brown,* 473 Pa. 458, 375 A.2d 331 (1977).

notice of the substance of the crime for which he is being charged, it is sufficient.

278 Pa.Super. at 498 n. 6, 420 A.2d at 651 n. 6.

In the instant case, defendant was arrested on November 11, 1982 based on a complaint filed by police which, in relevant part, read:

2702—That on or about October 23, 1982, in the Court [sic] of Allegheny, unlawfully and feloniously did then and there intentionally, knowingly and recklessly cause bodily injury to the person of one MAHDI WILLIAMS under circumstances manifesting extreme indifference to the value of human life, that is to say, said actor shot victim once in the back with a rifle, causing victim to remain in serious condition for several days in Presbyterian Hospital.

Upon receipt of the docket from the preliminary hearing showing that defendant was held for court on the Aggravated Assault charge, the Commonwealth, in accordance with Pa.R.Crim.P. 225, filed an Information charging defendant as follows:

The District Attorney of Allegheny County by this information charges that on (or about) October 23, 1982 in the said County of Allegheny JERALD WILLIAM DONALDSON hereinafter called actor, did commit the crime or crimes indicated herein; that is:

.    .    .    .    .    .

The actor intentionally, knowingly or recklessly caused serious bodily injury to Mahdi Williams, under circumstances manifesting extreme indifference to the value of human life, that is to say the actor shot the victim in the back with a rifle, causing severe injuries, in violation of Section 2702(a)(1) of the Pennsylvania Crimes Code, Act of December 6, 1972, 18 Pa.C.S. § 2702(a)(1).

Whereupon, defendant moved to quash the above-quoted section of the Information on the grounds that the initial police complaint and preliminary hearing did not cover the charge of felony Aggravated Assault. The trial court

agreed with defendant, and the court *sua sponte* amended the Information to include the misdemeanor charge. The Commonwealth now argues that this was in error, and we agree.

The statutory provision defining felony Aggravated Assault reads:

(a) Offense defined.—A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . .

18 Pa.C.S. § 2702(a)(1) (1983).

The subsection defining misdemeanor Aggravated Assault includes this description of the act:

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon.

18 Pa.C.S. § 2702(a)(4) (1983).

■ It is apparent that the language in the police complaint was sufficient to put defendant on notice that he could be tried for the felony charge. The police complaint charges defendant with acting "intentionally, knowingly and recklessly . . . under circumstances manifesting extreme indifference to the value of human life. . . ." This language is identical to that of Section 2702(a)(1). Furthermore, the complaint also alleges that defendant acted "feloniously." We therefore find the complaint to be adequate to support an Information charging defendant under Section 2702(a)(1).

■ Additionally, we find that the trial court was without authority to *sua sponte* add a charge to the Information. Pa.R.Crim.P. 225(b) requires that "[t]he information shall be signed by the attorney for the Commonwealth. . . ." The Supreme Court said of this Rule: "Basically, the interest to be protected by the signature requirement [either manual or facsimile signature] of Pa.R.Crim.P. 225 is the right of a citizen to be free from unjust or unduly oppressive govern-

ment interference." *Commonwealth v. Emanuel,* 501 Pa. 581, 587, 462 A.2d 653, 656 (1983). As our court observed in *Commonwealth v. Williams,* 323 Pa.Super. 512, 519–20, 470 A.2d 1376, 1380 (1984), the signature requirement "is to assure the authenticity of an information and to guarantee that the *district attorney* has inquired fully into all facts and circumstances attendant to a particular case and has made a reasoned evaluation of the propriety of initiating criminal proceedings against a defendant." (emphasis added) (citations deleted). By adding, on its own motion, the misdemeanor count to the Information, the court removed from the district attorney the opportunity to fully review this new charge that would have been included on the Information above the district attorney's signature. Therefore, we find that the charge of Aggravated Assault under 18 Pa.C.S. § 2702(a)(4) was improperly added to the Information.

Accordingly, the order of the trial court is reversed, and the case is remanded for proceedings consistent with this Opinion. This court relinquishes jurisdiction.