COMMONWEALTH of Pennsylvania

v.

Joseph Rae SINCLAIR, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 5, 2005.

Filed April 11, 2006.

Brian V. Manchester, Bellefonte, for appellant.

Nathan L. Boob, Assistant District Attorney, Bellefonte, for Commonwealth, appellee.

BEFORE: GANTMAN, PANELLA, and POPOVICH, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Joseph Sinclair, Jr., appeals from the judgment of sentence entered on April 26, 2005 by the Honorable Thomas K. Kistler, Court of Common Pleas of Centre County. Sinclair argues that the trial court erred when it permitted an amendment to the Criminal Information, just as trial was to begin, of an alternative violation of our driving under the influence of alcohol ("DUI") statute.[1] This argument, although noteworthy because of proximity to the commencement of trial, warrants no relief.

¶ 2 On August 9, 2005, at approximately 2:00 a.m., Officer William Muse was on foot patrol and observed Sinclair's vehicle stopped at a red light without any headlights illuminated. Based upon this observation, Officer Muse directed Sinclair to pull over, but Sinclair failed to respond to

---

1. Pennsylvania's new DUI law is codified at 75 Pa.Cons.Stat.Ann. § 3802.

Officer Muse's directive and proceeded through the intersection. Officer Muse then entered his patrol car and was eventually able to convince Sinclair to pull over. Upon questioning Sinclair, Officer Muse noticed a strong odor of alcohol coming from Sinclair's breath, as well as slurred speech and bloodshot eyes. The conversation progressed, and Sinclair eventually admitted to drinking alcohol prior to driving, and subsequently failed a field sobriety test. Sinclair consented to a blood alcohol test, which registered a blood alcohol content of 0.164%. As a result, Officer Muse charged Sinclair with two counts of Driving Under the Influence of Alcohol (DUI),[2] Careless Driving,[3] and a violation of Periods for Requiring Lighted Lamps, the charge due to a failure to use headlights when conditions warrant.[4]

¶ 3 Sinclair subsequently waived his preliminary hearing, and the Commonwealth filed a criminal information charging him with the same offenses. A bench trial was scheduled for March 22, 2005. Immediately before the trial started, the Commonwealth presented an oral motion to amend the Criminal Information to add another count. The Commonwealth sought to add a charge under 75 Pa.Cons. Stat.Ann. § 3802(b), blood alcohol content between 0.1% and 0.159%. The motion was granted over Sinclair's objection.

¶ 4 Sinclair and the Commonwealth stipulated to the affidavit of probable cause, and that the results of the blood test taken from Sinclair on the night of the offense indicated a blood alcohol level of 0.164%. The parties also stipulated that, if called, the lab technician would have testified that based upon that result, Sinclair's actual blood alcohol level could have been anywhere from 0.158% to 0.170%. After receiving these stipulations, the trial court found Sinclair guilty of DUI, incapable of safe driving; DUI, blood alcohol content between 0.1% and 0.159%; and failure to use headlights when warranted. Subsequent thereto, the trial court sentenced Sinclair to an aggregate term of 48 hours to 6 months imprisonment. This timely appeal followed.

¶ 5 On appeal, Sinclair raises only one issue for our review:

> DID THE TRIAL COURT ERR IN GRANTING THE COMMON-WEALTH'S MOTION TO AMEND THE CRIMINAL INFORMATION TO ADD THE ADDITIONAL COUNT OF 75 PA.C.S.A[.] § 3802(B) WHICH WAS REQUESTED BY THE COMMON-WEALTH MINUTES BEFORE THE TRIAL BEGAN?

Appellant's brief at 1.

¶ 6 Sinclair contends that the trial court's action in allowing the amendment of the information violated our Rules of Criminal Procedure. Rule 564 provides that a court may allow the amendment of an information, provided the amendment "does not charge an additional or different offense." Pa.R.Crim.P., Rule 564, 42 Pa. Cons.Stat.Ann. The Commonwealth counters that the addition of the charge under Section 3802(b) did not violate Rule 564 because the "crimes specified in the original information evolved out of the same factual situation as the crimes specified in the amended information" and because the charges of driving under the influence of alcohol under subsections (a)(1), (b) and (c) involved cognate offenses. Appellee's Brief, at 7.

---

2. 75 Pa.Cons.Stat.Ann. § 3802(a)(1) (incapable of safe driving) and § 3802(c) (blood alcohol content greater than 0.16%)

3. 75 Pa.Cons.Stat.Ann. § 3714

4. 75 Pa.Cons.Stat.Ann. § 4302(a)(2)

¶ 7 Pennsylvania Rule of Criminal Procedure 564 states:

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as necessary in the interests of justice.

Pa.R.Crim.P. 564.[5]

▮ ¶ 8 We have stated that the purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed. *Commonwealth v. Duda*, 831 A.2d 728, 732 (Pa.Super.2003). The test to be applied is:

> [W]hether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa.Super.2001) (citation omitted).

¶ 9 As aforesaid, in the present case, Officer Muse originally charged Sinclair with violations of Sections 3802(a)(1) and 3802(c) of Chapter 38, *Driving After Im-* *bibing Alcohol or Utilizing Drugs,* of the Vehicle Code, 75 Pa.Cons.Stat.Ann. § 101 et seq. The Affidavit of Probable Cause submitted in support of the criminal complaint, filed on August 9, 2004, states, inter alia, that Sinclair's "BAC WAS DETERMINED TO BE .164%." The original information at Criminal Action No.2004–1580 charged Sinclair with the same two sections. As aforesaid, prior to the commencement of trial, the Commonwealth moved to amend to include a count under Section 3802(b), arguing that this section was cognate to the DUI offenses charged in the information. N.T. 3–22–05 at 3–5

¶ 10 Section 3208 of the DUI statute, in pertinent part, states the following:

§ 3802. **Driving under influence of alcohol or controlled substance**

(a) **General impairment.—**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle...

(b) **High rate of alcohol.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

(c) **Highest rate of alcohol.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol

---

**5.** Rule 564 was numbered previously as Rule 229.

concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 PA.CONS.STAT.ANN. § 3802.

¶ 11 In support of his decision, the trial judge, the distinguished Thomas King Kistler, found that the violation alleged under Section 3802(b) was *cognate* to the crimes charged under Sections 3802(a)(1) and (c). There are a number of prior decisions issued by this Court which support Judge Kistler's findings, the most recent being *Commonwealth v. Jacobs*, 433 Pa.Super. 411, 640 A.2d 1326 (1994), *appeal denied*, 542 Pa. 661, 668 A.2d 1125 (1995). In *Jacobs*, a case decided under the former DUI statute, the Superior Court held that the drunk driving offenses set forth in subsections (a)(1) [6] and (a)(4) [7] were *cognate* and that, therefore, the district attorney could properly add the charge under subsection (a)(4) to the information, even though the offense had been dismissed at the preliminary hearing.

¶ 12 To ensure consistency with this line of cases, we extend the reasoning of *Jacobs* to encompass Section 3802(b) of the current DUI law within the ambit of *cognate* offenses embracing Sections 3802(a)(1) and 3802(c). As explained by the Pennsylvania Supreme Court in *Commonwealth v. McCurdy*, 558 Pa. 65, 735 A.2d 681 (1999), when comparing the "incapable of safe driving" subsection with the "amount of alcohol by weight in ... blood" subsection of the prior DUI law:

[T]he driving under the influence statute proscribes a single harm to the Commonwealth—the operation of a vehicle under the influence to a degree that renders an individual incapable of safe

driving. The fact that the offense may be established as a matter of law if the Commonwealth can produce the necessary chemical test does not constitute proof of a different offense, but merely represents an alternative basis for finding culpability.

558 Pa. at 73, 735 A.2d at 685–686. Based upon this unambiguous rationale, the logical conclusion is that the charging documents which included driving while under the influence of alcohol, *incapable of safe driving* and *blood alcohol content greater than 0.16%*, were sufficient to allow the District Attorney to include in the information the cognate offense of driving while the defendant's blood alcohol content was between 0.1% and 0.159%.

¶ 13 In reviewing a grant to amend an information, the Court will look to whether the appellant was fully apprised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results. *Commonwealth v. J.F.*, 800 A.2d 942, 945 (Pa.Super.2002), *appeal denied*, 571 Pa. 704, 812 A.2d 1228 (2002).

¶ 14 In the present case, the crimes specified in the original and amended informations clearly involved the same basic elements and evolved out of the same factual situation. While the elements of a violation of 75 PA. CONS. STAT. ANN. § 3802(b) include proof that the defendant's blood alcohol content was between 0.1% and 0.159%, this distinguishing fea-

---

**6.** 75 PA.CONS.STAT.ANN. § 3731(a)(1)(repealed), which prohibited driving while under influence of alcohol to an extent that rendered a person incapable of safe driving.

**7.** 75 PA CONS.STAT.ANN. § 3731(a)(4)(repealed), which prohibited driving while having a blood alcohol reading of .10 percent or greater.

ture is not material in the present case because Sinclair had been originally charged with a blood alcohol level in excess of 0.16%.

¶ 15 Sinclair argues, however, that the amendment prejudiced him by limiting his only available defense, i.e., a defense to the charge under § 3802(c), *blood alcohol content greater than 0.16%.* Although Sinclair stipulated that the test results of his blood on the night of the offense indicated a blood alcohol level of 0.164%, he was going to call the lab director of another medical center to testify that there is a standard deviation of .006%, which was acknowledged by the Commonwealth. If accepted by the trial court, this would have resulted in a conviction only under § 3802(a)(1), *incapable of safe driving,* thus avoiding the higher penalties of a conviction under § 3802(c). (Appellant Smith's Brief at 5.)

¶ 16 Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices an appellant by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges. *Commonwealth v. Brown,* 556 Pa. 131, 135, 727 A.2d 541, 543 (1999). Factors that we must consider in determining whether a defendant was prejudiced by an amendment include: (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description

of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation. *Commonwealth v. Grekis,* 411 Pa.Super. 513, 601 A.2d 1284, 1292 (1992).

¶ 17 Out of these six factors, at most only the last two favor a finding of prejudice. It is apparent that Sinclair's planned defense, namely that the Commonwealth could not establish that his blood alcohol level was above 0.16% beyond a reasonable doubt, was vitiated by the amendment. As a result, a change in defense strategy was necessitated by the amendment. Furthermore, the Commonwealth's request for an amendment came on the day of trial, which did not allow for "ample time" to prepare a defense against the amended charges. However, Sinclair did not request a continuance after the information was amended, nor did he make a record that additional time was needed to prepare a defense to the charge under § 3802(b). As a result, it is at best unclear whether Sinclair's counsel required more time to prepare a defense.

¶ 18 In contrast, the factual scenario laid out by each information is identical. Furthermore, the facts underlying the charges in the amended complaint were known to Sinclair from the time charges were brought against him. There was no substantive changes to the elements of the crimes charges. *See Commonwealth v. Gray,* 329 Pa.Super. 347, 478 A.2d 822, 825 (1984).[8] Finally, the description of the additional charge was DUI, which, as stated above, was a cognate offense to the two charges filed in the original information. Under these circumstances, we conclude

8. We note that for purposes of amending an information, a substantive amendment is one that changes the nature or grade of the offenses charged. *Commonwealth v. Herstine,* 264 Pa.Super. 414, 399 A.2d 1118, 1120 (1979).

that Sinclair suffered no prejudice from the amendment.

¶ 19 If there is no showing of prejudice, amendment of an information to add an additional charge is proper even on the day of trial. *Commonwealth v. Womack,* 307 Pa.Super. 396, 453 A.2d 642, 645 (1982). Finally, although there are enhanced penalties for a conviction under § 3802(b) over § 3802(a), *see* 75 PA. CONS. STAT. ANN. § 3804, the mere possibility that amendment of an information may result in a more severe penalty due to the additional charge is not, of itself, prejudice. *Commonwealth v. Picchianti,* 410 Pa.Super. 563, 600 A.2d 597, 599 (1991), *appeal denied,* 530 Pa. 660, 609 A.2d 168 (1992).

¶ 20 Accordingly, Sinclair is due no relief on appeal, and we affirm the judgment of sentence. Judgment of sentence affirmed.