J.S29039/12

2014 PA Super 213

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ROBERT HOUCK, :
:
Appellant : No. 2709 EDA 2011

Appeal from the Judgment of Sentence July 28, 2011
In the Court of Common Pleas of Pike County
Criminal No(s).: CP-52-CR-0000282-2010

BEFORE: GANTMAN, J., FITZGERALD, J.[*] and PLATT, J.[**]:

DISSENTING OPINION BY FITZGERALD, J.:  **FILED SEPTEMBER 26, 2014**

I respectfully dissent.  The majority posits that under all three analytic frameworks employed for determining the existence of a lesser-included offense, 75 Pa.C.S. § 3802(b) is a lesser-included offense of 75 Pa.C.S. § 3802(c), because "an individual with a BAC of 0.16% or above will unavoidably have a BAC of at least 0.08% to 0.159%" and, thus, evidence proving a Section 3802(c) offense also proves a Section 3802(b) offense.  ***Houck***, ___ A.3d at ___ (majority slip. op. at 15-16).  In my view, Section 3802(b)'s reference to a lesser BAC amount does not presumptively lead to a holding that it is a lesser-included offense.  I wish to avoid blurring the

---

[*] Former Justice specially assigned to the Superior Court.

[**] Retired Senior Judge assigned to the Superior Court.

distinctions between the physical actuality of a lesser amount and the legal artifice of a lesser-included offense.

In *Commonwealth v. Sims*, 591 Pa. 506, 919 A.2d 931 (2007), our Supreme Court set forth the following:

> The question of whether an offense is a lesser-included offense of a greater crime arises in three separate contexts. First, as the question is presented here, the inquiry arises in situations where a defendant is convicted of a crime that was not actually charged. Second, the question arises in the context of sentencing, *i.e.*, whether the crimes merge for sentencing purposes. Finally, the question is presented in the double jeopardy context . . . .
>
> Recently, in *Commonwealth v. Jones*, 590 Pa. 356, 912 A.2d 815 ([ ] 2006), this Court surveyed the cases and clarified that the test to be applied in determining whether an offense is a lesser-included one for sentencing purposes and for double jeopardy inquiries is the same. Specifically, we held that courts should use the statutory elements approach, but with an eye to the specific allegations levied in the case. We noted, however, that this approach is broader than that required for inquiries concerning whether a defendant may be convicted of a crime with which he had not been charged, because in those cases, the due process concerns of notice and fairness are implicated. Where due process and notice are at issue, it is prudent to primarily focus the analysis on the statutory elements of a crime to determine whether crimes are lesser and greater included offenses because due process protects an accused against any unfair advantage.

*Id.* at 518-19, 919 A.2d at 938-39 (footnote, citations, and quotation marks omitted). In sum, in the context of sentencing and double jeopardy, courts employ the *Jones* statutory elements approach. *Id.*

The *Sims* Court adopted the Model Penal Code approach in resolving whether a defendant could be convicted of an uncharged crime:

The Model Penal Code's definition of lesser-included offenses identifies three situations in which a defendant may be convicted of an offense included in the offense charged . . . . :

> **(4) Conviction of Included Offense Permitted.** A defendant may be convicted of an offense included in an offense charged in the indictment [or the information]. An offense is so included when:
>
> > (a) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
> >
> > (b) it consists of an attempt or solicitation to commit the offense charged or to commit an offense otherwise included therein; or
> >
> > (c) it differs from the offense charged only in respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.

MODEL PENAL CODE § 1.07(4) (alteration in original).

Section 1.07(4)(a) reflects the statutory elements approach defined above and accepted by this Court in **Jones**. In this first scenario, the defendant is given notice of all the elements that the Commonwealth must prove to obtain his conviction. The Commonwealth can convict the defendant only of those offenses that contain all of the elements as the offenses with which the defendant was charged. The defendant does not need separate notice to defend against these lesser offenses because the defense that he prepares against the offenses charged will necessarily attempt to refute the Commonwealth's evidence of the lesser offenses. Therefore, Section 1.07(4)(a) satisfies the due process concerns that the doctrine of lesser-included offenses, properly understood, must take into account.

\* \* \*

> We note that the Model Penal Code's approach is more flexible than that employed in a strictly statutory-elements approach.[1]  It is slightly narrower than the test set forth in this Court's opinion in **Jones** for inquiries involving sentencing and double jeopardy concerns, but it is a reasonable means of assessing lesser-included offenses in the charging context that does not infringe upon the constitutional rights of criminal defendants.

**Sims**, 591 Pa. at 521-24, 919 A.2d at 940-42 (citations and footnote omitted).  Thus, the Model Penal Code approach is employed "in situations where a defendant is convicted of a crime that was not actually charged," i.e., "the charging context."  *Id.* at 518, 524, 919 A.2d at 938, 942.  Furthermore, the **Jones** approach is a subset of the Model Penal Code approach and invoked as needed.  *Id.* at 521, 919 A.2d at 940 (stating, "Section 1.07(4)(a) reflects the statutory elements approach defined above and accepted by this Court in **Jones**.").

The crimes at issue are defined by Section 3802(b) and (c):

**§ 3802. Driving under influence of alcohol or controlled substance**

*        *        *

**(b) High rate of alcohol.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is **at least 0.10% but less than 0.16%** within two hours after the individual has

---

[1] The Model Penal Code approach is more flexible because it encompasses two additional approaches: Section 1.07(4)(b) and Section 1.07(4)(c).

driven, operated or been in actual physical control of the movement of the vehicle.

**(c) Highest rate of alcohol.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is *0.16% or higher* within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(b)-(c) (emphases added). Consequently, I ascertain whether Section 3802(b) "is established by proof of the same or less than all the facts required to establish the commission of" Section 3802(c).[2] ***See Sims***, 591 Pa. at 521, 919 A.2d at 940.

Section 3802(b) has a lower and upper boundary of BAC. Section 3802(c) encompasses any BAC exceeding the upper boundary. That the instant boundaries are denominated by numeric, physical amounts is irrelevant. The boundaries could be geographic, chronologic, spatial, or any other designation. The crucial fact, in my view, is not that numeric denominations designate the boundaries, but that these two Sections are **bounded**. I would hold that bounded categories are factually distinct irrespective of the denominations, designations, or labels employed for the boundaries.

---

[2] Model Penal Code § 1.07(4)(b) does not apply because the instant crimes do not involve attempt or solicitation. Similarly, Model Penal Code § 1.07(4)(c) does not apply because culpability is not at issue, *e.g.*, negligently versus knowingly.

The critical inquiry is whether proving one bounded category can be established with proof of the same or less than all the facts necessary to prove another bounded category, *i.e.*, can proving a BAC **exceeds** a particular boundary, *i.e.*, Section 3802(c), also prove a BAC **lies within** two different boundaries, *i.e.*, Section 3802(b). I suggest the answer is no, because when a BAC **exceeds** the boundary of Section 3802(c), the BAC necessarily does not **lie within** the two boundaries of Section 3802(b).

Merely because a statute references two physical amounts does not necessarily denote that a physical, lesser amount is presumptively a lesser-included offense—a legal construct—of a statute referencing a physical, greater amount. Whether the boundaries of one category are physically less or smaller than the boundaries of another category is not germane to analyzing whether, in a legal context, one offense "is established by proof of the same or less than all the facts required to establish the commission of" the second offense. **See Sims**, 591 Pa. at 521, 919 A.2d at 940. For the instant offenses, I respectfully decline to equate "lesser," as used in quantifying physical phenomena, with "lesser," as used in quantifying lesser-included offenses. Accordingly, I suggest that Sections 3802(b) and 3802(c) are distinct crimes: the Commonwealth could establish Appellant's BAC was within the two boundaries of Section 3802(b), **or** exceeded the boundary of Section 3802(c). **See id.**

I thus respectfully disagree with the majority that **Commonwealth v. Haight**, 50 A.3d 137 (Pa. Super. 2012), and **Commonwealth v. Sinclair**, 897 A.2d 1219 (Pa. Super. 2006), are instructive. Initially, neither case employed the Model Penal Code approach approved by our Supreme Court in **Sims**. **See Sims**, 591 Pa. at 521-22, 919 A.2d at 940 (adopting Model Penal Code framework for analyzing lesser-included offenses "in situations where a defendant is convicted of a crime that was not actually charged" (citation omitted)). Regardless, in **Sinclair**, prior to trial, the Commonwealth successfully moved to amend the information to include Section 3802(b), in addition to Section 3802(c), on the basis that (b) was cognate to (c). **Sinclair**, 897 A.2d at 1221. On appeal, the defendant challenged the grant to amend the information, and our Court affirmed. **Id.** at 1222. The instant procedural posture is unlike **Sinclair**: the Commonwealth never moved to amend the information but the court opted to convict Appellant of an offense not charged in the information.

In **Haight**, the Commonwealth charged the defendant with violating Section 3802(c) only, but he was convicted of violating Section 3802(b). **See Haight**, 50 A.3d at 139. On appeal, the defendant challenged, *inter alia*, the sufficiency of evidence for his Section 3802(b) conviction; he did not argue that because he was charged with Section 3802(c), he could not have been convicted of violating Section 3802(b). **See id.** at 140 (summarizing his argument that blood test result reflected only the

percentage of alcohol in "supernatant" sample and not "whole blood" sample). The **Haight** Court, however, citing **Sinclair** without further explanation, noted that the trial court could nonetheless convict the defendant of the uncharged offense of Section 3802(b) because it was cognate to the charged offense of Section 3802(c). **Id.** at 144. But, as noted above, **Sinclair** relied on a cognate-pleading framework not adopted by the **Sims** Court.

Because the Commonwealth never sought to amend the instant information, which charged Appellant with violating Section 3309(1), Section 3714, and Section 3802(c) only, I am troubled by correcting the certified record, **see Houck**, ___ A.3d at ___ (majority slip. op. at 1 n.1), to reflect Appellant's prosecution and conviction for violating Section 3802(b). It is well-settled that courts are "without authority to *sua sponte* add a charge to the Information." **Commonwealth v. Donaldson**, 399 Pa. Super. 237, 241, 488 A.2d 639, 641 (1985). In **Donaldson**, the Commonwealth charged the defendant with felony aggravated assault but the trial court substituted a charge of misdemeanor aggravated assault. **Id.** at 239, 488 A.2d at 640. This Court reversed, pointing to the requirement that the "attorney for the Commonwealth" sign the information and holding that the trial court's addition of the misdemeanor charge *sua sponte* denied "the district attorney the opportunity to fully review this new charge[.]" **Id.** at 242, 488 A.2d at 642; **see** Pa.R.Crim.P 560(B) ("The information shall be

- 8 -

signed by the attorney for the Commonwealth."), (D) ("issues at trial shall be defined by such information"). I am uneasy by the implications of the instant mandate, particularly as it impacts Appellant's lack of notice as to the charges against him. Accordingly, because I would vacate Appellant's Section 3802 conviction, I would not address his other issues, and I respectfully dissent.