J-S54021-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PARIS NEVELS | |
| Appellant | No. 98 WDA 2017 |

Appeal from the Judgment of Sentence December 15, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001993-2015

BEFORE:  OTT, J., MOULTON, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                  FILED  NOVEMBER 17, 2017

Paris Nevels appeals from the December 15, 2016 judgment of sentence entered in the Erie County Court of Common Pleas following his conviction for indecent assault, 18 Pa.C.S. § 3126.  We affirm.

The trial court set forth the factual and procedural history in its Pennsylvania Rule of Appellate Procedure 1925(a) opinion, which we adopt and incorporate herein.  1925(a) Opinion, 2/2/17, at 1-3 ("1925(a) Op.").

Nevels raises the following issue on appeal:

> Did the Magisterial District Judge overstep his authority or commit an error of law when he amended a charge of aggravated indecent assault on the police complaint sua sponte (which had been withdrawn by the Commonwealth during the preliminary hearing) to indecent assault and held that sole charge for court?

_____

[*] Former Justice specially assigned to the Superior Court.

Nevels' Br. at 6 (full capitalization omitted).

The trial court noted that judges of the court of common pleas and magisterial district justices have the authority to convict a defendant of uncharged lesser-included offenses. 1925(a) Op. at 3. It also noted that the "important inquiry" in determining whether an amendment is proper is whether the "defendant has been put on notice of the charges against him and can adequately prepare a defense." Id. at 4. The trial court found that, although indecent assault was not a lesser-included offense of aggravated indecent assault, "the same basic elements are necessary in order to prove" both crimes and the "underlying factual situation is no different for either charge." Id. at 5. It further found that Nevels was not prejudiced by the amended charge because the new charge did "not change the factual scenario"; the charge did not "substantially change the requirements of [Nevels'] defense preparation"; and Nevels had "ample time to prepare a defense" because the new charge was added at the preliminary hearing and his trial did not occur until over a year later. Id. at 8. The trial court further noted that the Commonwealth did not object to the new charge. Id. at 8-9. After review of the record, the parties' briefs, and the relevant law, we affirm on the basis of the well-reasoned opinion of the Honorable John Garhart, which we adopt and incorporate herein. See 1925(a) Op. at 3-9.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/17/2017

COMMONWEALTH OF PENNSYLVANIA,　　: IN THE COURT OF COMMON PLEAS
　　　　　　　　　　Appellee,　　　　　: OF ERIE COUNTY, PENNSYLVANIA
　　　　　　　　　　　　　　　　　　: CRIMINAL DIVISION
　　　　　　V.　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
PARIS L. NEVELS,　　　　　　　　　:
　　　　　　　　　Appellant　　　　　: No. 1993-2015

## 1925(a) OPINION

Garhart, J., February 2̇ , 2017

Appellant, Paris L. Nevels, appeals from the judgement of sentence dated December 13 2016, following his conviction of Indecent Assault, 18 Pa. C.S.A. §3126. Based on the following, this Court respectfully requests his sentence be affirmed.

## I. BACKGROUND OF THE CASE

On May 15, 2015, Appellant was accused of accosting a woman who was asleep in his apartment and attempting to have sex with her against her will. The police originally charged Appellant with one count of Rape, 18 Pa. C.S.A. §3121, Involuntary Deviate Sexual Intercourse, 18 Pa. C.S.A. §3123, Sexual Assault, 18 Pa.C.S.A. §3124.1, and Aggravated Indecent Assault, 18 Pa. C.S.A. §3125. At the preliminary hearing, the Commonwealth had difficulty in proving penal penetration, an element of the crimes charged.

At the hearing, argument was held regarding which charges, if any, should be bound over to the trial court. Defense counsel asked that all the charges against the Appellant be dismissed.[1] During oral argument, the Commonwealth agreed to withdraw a charge, but there seems to have

---

[1] Preliminary Hearing Transcript, 7/17/15, p. 10.

1

been some confusion regarding which charge was withdrawn.[2] It appears that the Commonwealth meant to dismiss a Charge of Involuntary Deviate Intercourse, but mistakenly referred to "3125," the Aggravated Indecent Assault Charge.[3] Nonetheless, for whatever reason, the Aggravated Indecent Assault Charge at 18 Pa. C.S.A. §3125 was not bound over to the trial court. Instead, the Magisterial District Judge, Arthur Weindorf, *sua sponte* amended the charge of Aggravated Indecent Assault, 18 Pa. C.S.A. §3125, to Indecent Assault, 18 Pa. C.S.A. §3126, and bound the charge over.

> THE COURT: ...It's very clear to me even by the witness's account that there was not penetration. Penetration in these particular cases is just as Ms. Mikielski explained. I'm going to dismiss the 3121, 3123, and 3124.
>    But I'm going to take the initiative here. There's clearly an indecent assault here, not aggravated but indecent. And I'm holding -- I believe it's 31 -- if you could look at the Crimes Code there, indecent assault.

> MS. CONNELLY: 3126.

Appellant filed a Petition for Writ of Habeas Corpus on December 31, 2015, which was denied on January 8, 2016. Appellant filed an application for Amendment of Interlocutory Appeal with respect to the Petition for Habeas Corpus, which was denied on February 9, 2016. Appellant then filed a Motion to Dismiss/Quash on February 10, 2016, which was denied on February 11, 2016.

Appellant was tried by jury on September 19, 2016, through September 21, 2016, and was found guilty on the sole count of Indecent Assault. Appellant was sentenced on December 15, 2016, to 12 to 24 months incarceration at a State Correctional Institution, with credit given for time served. Appellant was recommended to enter into a sex offender program and ordered to

---

[2] Preliminary Hearing Transcript, 7/17/15, p. 10-13.
[3] Preliminary Hearing Transcript, 7/17/15, p. 13.

2

register as a sex offender. Appellant filed a timely Notice of Appeal on January 13, 2017, and, in response to this Court's rule 1925(b) Order, filed a Concise Statement of Matters Complained of on Appeal on January 31, 2017.

Appellant raises the following issue on appeal:

> It is submitted by Defense Counsel that Magisterial District Judge Weindorf abused his powers and overstepped the boundaries of the magisterial district judge's office by arbitrarily amending a charge [sic] Aggravated Indecent Assault (that actually had already been withdrawn by the Commonwealth) on the police complaint in favor and on behalf of the Commonwealth to Indecent Assault and subsequently binding that sole charge to the next stage of court.

Appellant's Rule 1925(b) Statement, 1/31/17, at pp. 1-2.


## II.    DISCUSSION

The law is well settled that trial judges in the court of common pleas have the authority to, *sua sponte*, find a defendant guilty of a lesser included offense even if that offense is not charged by the Commonwealth. See *Commonwealth v. Sims*, 591 Pa. 506, 919 A.2d 931, 933 (2007)(holding that an attempt crime is a lesser included offense of the substantive crime, and thus a defendant may be convicted of an attempted crime even if the Commonwealth charged only the substantive offense and not attempt.) The Pennsylvania Supreme Court, in *Commonwealth v. Ball*, 146 A.3d 755, 769 (Pa. 2016), similarly held that a magisterial district justice has the authority, sua sponte, to convict a defendant, in a summary case, of uncharged lesser included offenses. This rule is predicated on Pennsylvania Rule of Criminal Procedure 454 (B) which provides that, "the issuing authority shall try the case in the same manner as trials in criminal cases are conducted in the courts of common pleas when jury trial has been waived." Pa. R.Crim. P. 454(B).

3

The important inquiry is whether a defendant has been put on notice of the charges against him and can adequately prepare a defense. See *Commonwealth v. Reese*. 725 A. 2d 190, 191 (Pa. Super. 1999), *appeal denied*, 559 Pa. 716, 740 A.2d 1146 (1999); *Commonwealth v. Cunningham*, 551 A.2d 288, 289, 380 Pa. Super. 177(1988); citing *Commonwealth v. Slots*, 227 Pa. Super. 279, 281 n.3, 324 A.2d 480, 481 (1974). This notice may either be explicit, as found in the Commonwealth's charges, or implied, where the uncharged offense is a lesser included offense and all of the elements of the lesser offense are included in the greater. *Commonwealth v. Ball*, 146 A.3d at 769, citing *Commonwealth v. Pemberth*, 339 Pa. Super. 428, 489 A.2d 235, 237 (1985).

The matter at hand involved an amendment from a charge of Aggravated Indecent Assault, which was charged against Appellant by the Commonwealth, to Indecent Assault, which was not charged by the Commonwealth, but substituted by the District Magistrate Judge and not objected to by the Commonwealth at the preliminary hearing.[4] The first question, then, is whether the elements of Indecent Assault are included in the greater offense of Aggravated Indecent Assault. A review of the case law reveals that, for certain purposes, Indecent Assault is not an "included lesser offense." In *Commonwealth v. Allen*, 856 A.2d 1251 (Pa. super. 2004), the Pennsylvania Superior Court held that aggravated Indecent Assault and Indecent Assault are not greater and lesser included offenses for the purpose of determining double jeopardy. The court notes that:

> Aggravated indecent assault is defined as penetration, however slight, of the genitals or anus of the victim with a part of the offender's body for any purpose other than good faith medical, hygienic, or law enforcement procedures...Indecent assault is defined as indecent contact with the victim...18 Pa. C.S.A. §3101 defines indecent contact as any touching of the sexual or other intimate parts of the victim for the purpose of arousing or gratifying sexual desire

---

[4] This Court notes counsel for the Appellant's timely objection at the preliminary hearing (Preliminary Hearing Transcript, 7/17/15, p. 15) and continued objections in varying form throughout the course of the trial court proceedings.

4

in either person... Indecent assault includes an element that is not required to commit aggravated indecent assault. That element is proof of arousing or gratifying sexual desire.

*Allen*, at 1243-1254.

However, the ruling in *Allen* is not dispositive in this matter, as further analysis is required in the matter of determining whether charges may be amended pursuant to Rule 454(B). Pursuant to the Pennsylvania Superior Court's ruling in *Commonwealth v. Sinclair*, 897 A.2d 1218 (Pa. Super. 2006), charges may be amended when the appellant was fully apprised of the factual scenario which supported the charges against him and the defendant is not prejudiced by the amendment. Specifically, the *Sinclair* Court held:

> Where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to the defendant results.

*Sinclair*, 897 A.2d at 1222.

In this case, the same basic elements are necessary in order to prove Aggravated Indecent Assault and Indecent Assault. Both involve a non-consensual touching of a sexual nature. Both charges arose out of the allegations that Appellant physically restrained the victim and tried to have sexual relations with her, despite her statement that she did not consent.[5] The underlying factual situation is no different for either the charge of Aggravated Indecent Assault or Indecent Assault. Defendant was not prejudiced by the substitution of charges.

Rule 564 of the Pennsylvania Rules of Criminal Procedure provide that:

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense.

---

[5] Preliminary Hearing Transcript, 7/17/15, pp. 4-9.

Pa. R. Crim.P. 564. "The purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." *Sinclair*, at p. 1221, citing *Commonwealth v. Duda*, 831 A.2d 728, 732 (Pa. Super. 2003). *Sinclair* provides that that, when presented with a challenge to the propriety of an amendment, we must consider:

> Whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges different set of events or the elements or defense to the amended crime are materially different from the elements or defenses to the amended crime are materially different from the elements or defense to the crime originally charged, **such that the defendant would be prejudiced by the charge**, then the amendment is not permitted. Where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.

Id.(emphasis provided) citing, *Commonwealth v. Davalos*, 779 A.2d 1190, 1194 (Pa. Super 2001).

Relief is only proper where the amendment prejudices the defendant. *Id.* To determine the existence of prejudice, the court must consider:

> (1)Whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment;(5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

*Sinclair*, at 1223. *Sinclair* allowed the defendant to be newly charged with the offense of driving while the defendant's blood alcohol content was between 0.1% and 0.159%, even though he was originally charged with incapable of safe driving and blood alcohol content greater than 0.16%.

6

The court allowed the amendment because the driving under the influence statute proscribes a single harm to the Commonwealth – the operation of a vehicle under the influence to a degree that renders an individual of safe driving. *Sinclair,* at 1222.

In *Commonwealth v. Womack,* 307 Pa. Super. 396, 453 A.2d 642 (Pa. Super. 1982), the Superior Court allowed the addition of a criminal conspiracy charge to the existing charges that included rape, kidnapping, and indecent assault. The new conspiracy charge was allowed even though it requires proof of an additional element (unlawful agreement), because the defendant had notice of the charge (as it was originally charged, but then not included in the bills of information) and because defendant was not prejudiced by the amendment. No prejudice was found because Defendant claimed all along that the sexual contact was consensual. The court found that the new charge of conspiracy would not have changed defendant's defense.

In *Commonwealth v. Page,* the Pennsylvania Superior Court allowed a trial court to amend the information at the close of evidence, prior to closing arguments. The trial court granted the Commonwealth's motion to amend the information to charge the defendant with aggravated indecent assault of a child under thirteen, 18 Pa.C.S.A. §3126(b), although he was originally only charged him under 18 Pa.C.S.A. §3125(a) (not involving a child under 13). The defendant contended that the amendment was prejudicial because, "there was insufficient notice to permit meaning ful opportunity to address the amended charge." *Page,* 965 A.2d at 1223. The Superior Court disagreed, holding:

> In the instant case, the amendment did not alter the factual scenario in any way; the amended charge evolved out of the same factual situation as the original charge. No new facts were added to the amended information. The amended charge consists of the same basic elements...The child's age was known to Appellant prior to this amendment, and he knew this fact was at issue because it is an element of 18 Pa. C.S.A. §3125(a)(7). Appellant's defense was that he never engaged in any inappropriate behavior; therefore the amendment did not hinder or necessitate any change in his defense strategy.

7

Id. at 1224.

In the case at hand, the primary difference between Aggravated Indecent Assault and Indecent Assault is that the Commonwealth no longer must prove penetration, but must now show that the Defendant's indecent physical contact with the victim was for "arousing or gratifying sexual desire."[6] This added element does not change the factual scenario one iota. Nor does it substantially change the requirements of Appellant's defense preparation. As in *Womack*, Appellant here claimed that the sexual contact was consensual.

Furthermore, Appellant had ample time to prepare a defense to the new charge, which was added at the Preliminary Hearing on July 17, 2015. The Appellant was not tried until September 19, 2016, over a year later. In the interim, counsel for the Appellant vigorously contested the added charge by way of a Writ of Habeas Corpus, filed December 31, 2015, as well as an Application for Amendment of Interlocutory Appeal, filed February 5, 2016, and a Motion to Dismiss/Quash, filed February 10, 2016. All of the defense motions were denied shortly after filing, giving Appellant notice that the new charge would stand and allowing him sufficient time to prepare an adequate defense. Accordingly, Appellant was not prejudiced by the substituted Indecent Assault charge.

Lastly, this court must anticipate misplaced reliance on *Commonwealth v. Donaldson*, 339 Pa. Super 237, 488 A.2d 639 (Pa. Super. 1985), in which the Superior Court held that "the trial court was without authority to *sua sponte* add a charge to the information." Id. at 641. In *Donaldson*, the trial court *sua sponte* amended the information to substitute a charge of misdemeanor aggravated assault for the originally charged felony aggravated assault, after the preliminary hearing and at the request of the Defendant. The Commonwealth objected to the

---

[6] 18 Pa. C.S.A. §3126(a).

substitution and argued that the felony charge should stand. The Superior Court found the trial court was in error "because it removed from the district attorney the opportunity to fully review this new charge." Here, however, the Commonwealth was present and fully apprised of the change and did not object, thereby ratifying the decision of the District Magistrate to add the Indecent Assault charge and drop all other charges stemming from the same incident. Id. at 641-642.

Here, Appellant was fully informed of the facts and nature of the charges against him. The *sua sponte* amendment of the charge from Aggravated Indecent Assault to Indecent Assault, as ratified by the Commonwealth, did not prejudice Appellant's defense, and as such, should not be overturned.

## III. CONCLUSION

Based on the above, this Court respectfully requests that Appellant's judgment of sentence be affirmed. The Clerk of Court is hereby directed to submit the record to the Pennsylvania Superior Court for its review.

BY THE COURT:

_____ J.
John Garhart, Judge

cc:     District Attorney's Office
        Laurie A. Mikielski, Esq.

9