J-S77022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| v. | : | |
| THEOPHILUS L. BALDWIN | : | |
| Appellant | : | No. 675 MDA 2017 |

Appeal from the Judgment of Sentence September 24, 2015
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000686-2015

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS\*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 20, 2017**

Theophilus L. Baldwin appeals, following the reinstatement of his appellate rights, from his judgment of sentence after pleading guilty to several drug charges.  After careful review, we affirm.

On March 5, 2014, the Commonwealth filed an information against Baldwin at docket number CP-14-CR-302-2014 ("original case" or "CP-302-2014"), charging him with several violations of the Controlled Substance, Drug, Device, and Conduct Act,[1] for conduct that occurred from October 2012[2] to October 2013.  On June 20, 2014, Baldwin filed a motion to sever several

---

[1] 35 P.S § 780-113.

[2] Baldwin was arrested in October 2013 for two controlled buys that occurred in September and October of 2013.  N.T. Omnibus Pre-trial Motion/Motion to Sever, 8/14/14, at 2.  At that time, Baldwin was also under investigation by the Office of the Attorney General (OAG) for the distribution of heroin dating back to 2012.  *Id.* at 3.

---

\*   Former Justice specially assigned to the Superior Court.

charges from the other counts in the information, claiming that the conduct charged related to two distinct instances of conduct (one in 2012 and one in 2013). The court granted the motion to sever on August 19, 2014, ordering counts 6-8 be tried separately from all other listed counts. Subsequently, the Commonwealth filed four new informations that added two counts to the original information, altered the dates in counts 1 and 2, removed reference to the amount of heroin charged in one count, and limited the number of counts to six. On October 30, 2014, the trial court granted the Commonwealth's motion to *nolle prosse* counts 4 and 5 of the original information.

After a two-day trial on CP-302-2014, a jury convicted Baldwin of one count each of possession with intent to deliver,[3] conspiracy,[4] and criminal use of a communication facility.[5] On December 18, 2014, Baldwin was sentenced to 10-20 years' incarceration. Baldwin filed a post-sentence motion which the court granted on January 27, 2015, amending his sentence to 4-8 years' imprisonment. Baldwin filed a timely notice of appeal from that amended sentence on February 24, 2015. Our Court affirmed his judgment of sentence. ***Commonwealth v. Baldwin***, No. 385 MDA 2015 (unpublished memorandum) (Pa. Super. filed March 1, 2016).

---

[3] 35 P.S § 780-113(a)(30).

[4] 18 Pa.C.S. § 903.

[5] 18 Pa.C.S. § 7512(a).

On March 31, 2015, the Commonwealth filed a motion to assign the severed charges a new docket number. On April 6, 2015, the court granted the motion, generating CP-14-CR-0686-2015 as the new docket number for the remaining severed charges (the instant case on appeal). Baldwin filed a motion to dismiss, alleging the trial court lacked jurisdiction to proceed in the matter as the original case was pending on appeal. The motion was denied. Baldwin filed a petition seeking permission to appeal and a motion to stay the proceedings. The petition and motion were both denied.

On September 29, 2015, Baldwin entered a negotiated guilty plea in the instant case (CP-14-CR-0686-2015) to one count each of delivery of a controlled substance, criminal conspiracy, and criminal use of a communication facility. As part of the agreement, Baldwin was sentenced to an aggregate term of 3-6 years' imprisonment, which was ordered to run consecutively to the 10-20 year sentence in the original case.[6] Baldwin also acknowledged in his plea colloquy that he would be limited to the following issues on appeal: (1) jurisdiction of the court; (2) legality of sentence; (3) effectiveness of plea counsel; and (4) voluntariness of plea. Written Guilty Plea Colloquy, 9/29/15, at ¶ 32. Baldwin filed no direct appeal.

On March 10, 2016, Baldwin filed a *pro se* Post Conviction Relief Act (PCRA)[7] petition; the trial court appointed counsel who filed amended and

---

[6] Counts 2 (second count of criminal conspiracy) and 3 (second count of delivery of a controlled substance) were nol prossed as part of the plea.

[7] 42 Pa.C.S. §§ 9541-9546.

second amended petitions on June 20, 2016, and February 21, 2017, respectively. PCRA counsel subsequently filed a petition to withdraw, which the court granted. After a hearing, the court granted in part and denied in part the petition. Specifically, the court denied Baldwin's challenge to the trial court's jurisdiction to accept his guilty plea, but reinstated his appellate rights and appointed him appellate counsel. Baldwin now appeals, raising the following issues for our review:

> (1) Did the trial court lack jurisdiction to accept [Baldwin's] plea of guilty while the matter was pending appeal in the Superior Court?
>
> (2) After partial severance was granted by the trial court, was the Commonwealth barred from prosecuting [Baldwin] on any non-severed counts that could have been tried together at his jury trial for criminal offenses docketed at [CP-]302-2014?

Appellant's Brief, at 4.

Baldwin first contends that the trial court lacked jurisdiction to accept his plea in case CP-0686-2015 (severed counts) where his judgment of sentence on the non-severed counts (CP-302-2014) was pending on direct appeal.

Pursuant to Pa.R.A.P. 1701(a):

> (a) General rule. Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter.
>
> (b) Authority of a trial court or agency after appeal. After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

> (1) **Take such action as may be necessary to** preserve the status quo, **correct formal errors in papers relating to the matter**, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

Pa.R.A.P. 1701. In the instant case, we find that the trial court was permitted to act once the original case had been appealed for the sole purpose of assigning the severed charges a new docket number. The trial court did not act further on that new docket, but, rather, proceeded cautiously and continued CP-0686-2015 to the next jury selection date of April 6, 2015, more than one month following this Court's disposition of Baldwin's direct appeal at CP-302-2014. *See* N.T. Non-Jury Trial at CP-302-2014, 3/3/15, at 7 ("[T]his Court . . . is concerned that the matter is now on appeal and therefore this Court is without jurisdiction to proceed anyway."). Where the court's assignment of a new docket number on the severed charges was merely an administrative act to clarify the docket with regard to the remaining, severed charges, we find no error.

In his final issue on appeal, Baldwin first contends that the Commonwealth was barred from filing an amended information and accepting his guilty plea in CP-0686-2015 after he had already been tried on the non-severed counts under CP-302-2014 and where the amended information included counts that were not previously ruled upon by the court to be severed. Baldwin claims that in so acting, the trial court violated double jeopardy principles when it severed the information, convicted him of the

- 5 -

crime of criminal use of a communication facility under CP-302-2014, and then later permitted the Commonwealth to amend the instant information to include a count of the same crime which he ultimately pled guilty to under CP-0686-2015.

> Pursuant to Rule 564:
>
> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564. **See Commonwealth v. Sinclair**, 897 A.2d 1218, 1221 (Pa. Super. 2006) (Rule 564 provides that court may allow amendment of information, provided amendment does not charge additional or different offense).

Here, Baldwin entered a negotiated guilty plea limiting him to four potential issues on appeal; this claim is not one of those permissible appellate issues. In addition, we recognize that Baldwin could have challenged the amendment to the information by moving to withdraw his guilty plea. However, even if we were to review the merits of this issue, Baldwin would not be entitled to relief.

The purpose of Rule 564 is to "ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed." **Id.**, citing

*Commonwealth v. Duda*, 831 A.2d 728, 732 (Pa. Super. 2003). Here, the elements and facts surrounding the additional charge of criminal use of a communication facility were well known to Baldwin through the Commonwealth's several amendments to the information. In addition, at the motion to sever hearing, defense counsel acknowledged that he had no objection to the Commonwealth adding a second count for criminal use of a communication facility after the information was amended and the charges severed. *See* N.T. Omnibus Pretrial Motion/Motion to Sever, 8/19/14, at 7. Thus, Baldwin was placed on notice regarding his criminal conduct and suffered no prejudice with the addition of the criminal use charge to the new docket. *See Commonwealth v. Sinclair*, 897 A.2d 1218, (Pa. Super. 2006) (trial court did not err in permitting amendment to criminal information under Rule 564 just before start of trial where crimes specified in original and amended informations involved same basic elements and evolved out of same factual situation, and facts underlying charges in amended complaint were known to defendant from time charges were brought against him).

Moreover, to the extent that Baldwin raises a double jeopardy issue, we remind him that "where a defendant successfully seeks to sever certain charges from a case, he waives any argument under [s]ection 110 and the Double Jeopardy Clauses that all charges should have been brought in one trial." *Commonwealth v. Dawson*, 87 A.3d 825, 829 (Pa. Super. 2014), citing *Commonwealth v. Cicconi*, 653 A.2d 40, 43-44 (Pa. Super. 1995).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2017