J-S69044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT LECATES | |
| Appellant | No. 915 EDA 2015 |

Appeal from the Judgment of Sentence March 25, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0003083-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and OLSON, J.:

MEMORANDUM BY OLSON, J.:  **FILED DECEMBER 29, 2015**

Appellant, Robert LeCates, appeals from the judgment of sentence entered on March 25, 2014.  We affirm.

On August 9, 2012, Appellant "forced open the victim's front door, entered the home[,] and startled the female resident in the foyer."  Trial Court Opinion, 6/18/15, at 3.  Appellant was then arrested.

The Commonwealth filed its original Information on September 26, 2013 and charged Appellant with a variety of crimes, including burglary, criminal mischief, and criminal trespass.  With respect to the burglary charge, the original Information read:

> The District Attorney of Chester County, by this INFORMATION charges:
>
> FIRST COUNT:
> **BURGLARY**
> That on or about August 9, 2012[, Appellant] . . . did

(a)

> (1) enter a building or occupied structure, or separately secured or occupied portion thereof, that is adapted for overnight accommodations in which at the time of the offense any person is present.

Citation:  18 Pa.C.S.A., Section 3502(a), (1).

Commonwealth's Original Information, 9/26/13, at 1.

This description of the burglary charge constitutes a partial quotation of the burglary statute that existed at the time that the Commonwealth filed the original Information.  However, the Commonwealth's description of the burglary charge in the original Information omitted the requisite element of intent contained in the burglary statute.  *See* 18 Pa.C.S.A. § 3502(a) (effective from September 4, 2012 until February 20, 2014) ("A person commits the offense of burglary if, with the intent to commit a crime therein, the person . . .").  Further, the Commonwealth's description of the burglary charge in the original Information failed to track the language of the burglary statute that existed at the time Appellant committed the crime.  Specifically, at the time Appellant committed the crime, the burglary statute read:

> **(a) Offense defined.--**A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

18 Pa.C.S.A. § 3502(a) (effective from July 1, 1991 until September 3, 2012).

Effective September 4, 2012, the burglary statute was amended to read, in relevant part:

**(a) Offense defined.--**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present.

. . .

18 Pa.C.S.A. § 3502(a)(1) (effective from September 4, 2012 until February 20, 2014).

Prior to trial, Appellant filed a motion to proceed *pro se*. Following a hearing, the trial court granted Appellant's motion to proceed *pro se* and the trial court appointed Public Defender Kelly A. Thompson (hereinafter "Public Defender Thompson") to act "as stand-by counsel for [Appellant] in his trial . . . scheduled for . . . November 12, 2013." ***Id.***

On the morning of trial, Appellant proffered a pre-trial "Motion to Quash the Information." Within this motion, Appellant claimed that the trial court must quash the Commonwealth's original Information because "the offense of burglary [requires] the [C]ommonwealth [to] prove that [the] defendant possessed an intent to commit a crime inside an occupied structure" and "the [Commonwealth's original I]nformation fail[ed] to include the essential element of intent." Appellant's Motion to Quash, dated 11/12/13, at 1. According to Appellant, as a result of this defect, the

Commonwealth's original Information did not "fully apprise [Appellant] of the offense he is [required] to [de]fend against" and the trial court must thus quash the Information. *Id.* at 2.

On the morning of November 12, 2013, the trial court heard oral argument on Appellant's pre-trial motion and, during the argument, the Commonwealth orally moved to amend the original Information so that it could clarify the burglary charge. N.T. Argument, 11/12/13, at 35-36. Appellant conceded that the trial court should grant the Commonwealth's motion to amend the original Information. *Id.* at 41. However, Appellant requested that the trial court grant him a continuance to further prepare his defense. *Id.* Appellant did not request any specific period for the continuance. *Id.* Moreover, during the argument, Appellant conceded that, at the earlier preliminary hearing, he argued that the burglary charge must be dismissed because there was no evidence that he possessed the requisite intent to commit a crime in the dwelling – thus indicating that Appellant was always aware that the crime of burglary contained the element of intent. *Id.* at 28.

The trial court granted the Commonwealth's motion to amend the original Information and the Information was amended to read:

> FIRST COUNT:
> **BURGLARY**
> That on or about August 9, 2012[, Appellant] . . . did enter a building or occupied structure adapted for overnight accommodation, or separately secured or occupied portion thereof, while a person was present, with intent to commit a

crime therein, and the premises were not open to the public at the time and the actor was not licensed or privileged to enter.

Citation: 18 Pa.C.S.A., Section 3502(a).

Commonwealth's Amended Information, dated 11/12/13, at 1.

Moreover, even though the trial court concluded that Appellant suffered no prejudice by the amendment, the trial court granted Appellant's motion for a continuance – the trial court ordered the case continued to the following day. N.T. Argument, 11/12/13, at 48-49. Appellant did not explicitly request that the trial court provide him with any additional time to prepare for trial. *Id.*

Notwithstanding the trial court's order granting Appellant's motion to continue the case, Appellant proclaimed that he was prejudiced by the amendment to the Information. *Id.* at 50. Appellant then declared "[u]nder these circumstances, [] I am going to invoke my right to counsel." *Id.* In response, the trial court asked Public Defender Thompson whether she was willing to represent Appellant at trial. Public Defender Thompson replied in the affirmative and the trial court granted Appellant's motion for the appointment of Public Defender Thompson to be his counsel. *Id.* at 52. Further, although Public Defender Thompson declared that she was "inclin[ed] . . . to request a continuance of the [trial c]ourt," Public Defender Thompson did not actually request that the trial court continue the case any further than the next day. *Id.* at 54. Indeed, later in the argument, the

following exchange occurred between the trial court, Appellant, and Public Defender Thompson:

> Trial Court: Now, let me make this clear, sir. You asked me for a continuance. And I granted it for the moment until tomorrow. Just so you know, that 100 percent means that our deadline of today for starting the case is extended to tomorrow.
>
> Do you understand that?
>
> [Appellant]: Yes, your Honor.
>
> Trial Court: Is there any issue with that[, Public Defender Thompson]?
>
> [Public Defender Thompson]: **I have no issue with that, your Honor**.

*Id.* at 57-58 (emphasis added).

Even though Appellant was no longer representing himself, Appellant then interjected: "I understand the Court let me to tomorrow, but I was requesting a continuance of a period of several weeks at the minimum." *Id.* at 58. The trial court responded:

> Okay. So, sheriffs, please take [Appellant] back down. [Public Defender Thompson,] go have a chat with [Appellant] and we'll see where we are.
>
> When we come back, I will meet with counsel – I guess we should just come up and put it all on the record. But I actually, before I bring all the troops in, I just want to hear from [Public Defender Thompson] so that I know if you need more time before I bring the troops up.

*Id.*

When the matter resumed, Public Defender Thompson confirmed that she would be ready to proceed the next day, as scheduled. *Id.* at 59.

Appellant's jury trial began on November 13, 2013 and ended on November 14, 2013. At the conclusion of the trial, the jury found Appellant guilty of burglary, criminal mischief, and criminal trespass.[1] On March 25, 2014, the trial court sentenced Appellant to serve an aggregate term of five to ten years in prison for his convictions.

Following the *nunc pro tunc* restoration of Appellant's direct appellate rights, Appellant filed a timely notice of appeal to this court. Appellant raises three claims on appeal:[2]

_____

[1] 18 Pa.C.S.A. §§ 3502(a) (effective from July 1, 1991 until September 3, 2012), 3304(a)(5), and 3503(a)(1)(ii), respectively.

[2] On April 2, 2015, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal within 21 days, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant, who was represented by counsel, filed his Rule 1925(b) statement on Friday, April 24, 2015 – or, one day late. Within his Rule 1925(b) statement, Appellant listed the claims he currently raises on appeal. Appellant's Rule 1925(b) Statement, 4/24/15, at 1-2.

We note that, although Appellant's Rule 1925(b) statement is untimely, Appellant's claims are not waived; moreover, since the trial court discussed Appellant's claims in its opinion to this Court, we need not remand the record for any further action. *Commonwealth v. Veon*, 109 A.3d 754, 762 (Pa. Super. 2015) ("[w]aiver is no longer the remedy [when a counseled appellant files an untimely Rule 1925(b) statement]. Where the trial court does not address the issues raised in an untimely 1925(b) statement, we remand to allow the trial court an opportunity to do so. *See Commonwealth v. Thompson*, 39 A.3d 335, 340 (Pa. Super. 2012). On the other hand, where, as here, the trial court has addressed the issues

*(Footnote Continued Next Page)*

[1.] Did [the] trial court abuse its discretion in denying *pro se* [Appellant] remedial relief in the form of a continuance after [the] criminal information was amended to include the element of *mens rea* on the charge of burglary on the eve of trial?

[2.] Was [the] *pro se* [Appellant's] right to [self-representation] pursuant to the Sixth Amendment to the United States Constitution and Article 1[,] Section 9 of the Constitution of the Commonwealth of Pennsylvania chilled by [the] denial of remedial relief?

[3.] Did [the] trial court abuse its discretion in denying appointed counsel a continuance where counsel was appointed the day before trial and counsel indicated that although she was standby counsel she had not prepared the case as if she were going to try it?

Appellant's Brief at 4.

Appellant first claims that the trial court erred when it denied his request for "a continuance after [the] criminal information was amended to include the element of *mens rea* on the charge of burglary on the eve of trial." Appellant's Brief at 12. This claim is waived, as the trial court granted Appellant's motion for a continuance and Appellant did not request that the trial court provide him with any additional time to prepare for trial. Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); ***Commonwealth v. Kennedy***, 959 A.2d 916, 924-925 (Pa. 2008) (in capital murder case, where "mitigation counsel did not request a continuance . . . or otherwise object[]

*(Footnote Continued)* ─────────────────

raised in an untimely Rule 1925(b) statement, we need not remand and may address the issues on their merits").

- 8 -

to the trial date," Appellant waived claim that "counsel was in need of additional time" to prepare for the penalty phase).[3]

Further, even if the claim were not waived, the claim would fail on its merits. As we have held, "[t]he grant of a continuance is discretionary and a refusal to grant is reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated." **Commonwealth v. Hunzer**, 868 A.2d 498 (Pa. Super. 2005) (internal quotations and citations omitted). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is

---

[3] On appeal, Appellant contends that he requested additional time to prepare for his case when he informed the trial court: "I understand the Court [continued the case until] tomorrow, but I was requesting a continuance of a period of several weeks at the minimum." N.T. Argument, 11/12/13, at 58; Appellant's Brief at 17. This statement did not preserve Appellant's current claim because – when Appellant first informed the trial court that he "was requesting a continuance of a period of several weeks at the minimum" – Appellant was no longer proceeding *pro se*. Therefore, at this time, only Public Defender Thompson could request more time to prepare for trial. **Commonwealth v. Padilla**, 80 A.3d 1238, 1259 (Pa. 2013) ("decisional law from [the Pennsylvania Supreme Court] has clarified Commonwealth policy regarding hybrid representation. **No** defendant has a right to hybrid representation, either at trial or on appeal") (emphasis in original); **Commonwealth v. Colson**, 490 A.2d 811, 822 (Pa. 1985) (holding that a defendant who is represented by counsel has no constitutional right to act as co-counsel), *abrogated on other grounds by* **Commonwealth v. Burke**, 781 A.2d 1136 (Pa. 2001).

abused." ***Commonwealth v. Ramos***, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en banc*). Further:

> A bald allegation of an insufficient amount of time to prepare will not provide a basis for reversal of the denial of a continuance motion. Instead, an appellant must be able to show specifically in what manner he was unable to prepare his defense or how he would have prepared differently had he been given more time. We will not reverse a denial of a motion for continuance in the absence of prejudice.

***Commonwealth v. Ross***, 57 A.3d 85, 91 (Pa. Super. 2012) (internal quotations, citations, and corrections omitted).

With respect to the amendment of an information, we have held:

> Since the purpose of the information is to apprise the defendant of the charges against him so that he may have a fair opportunity to prepare a defense, our Supreme Court has stated that following an amendment, relief is warranted only when the variance between the original and the new charges prejudices an appellant by, for example, rendering defenses which might have been raised against the original charges ineffective with respect to the substituted charges. Factors that we must consider in determining whether a defendant was prejudiced by an amendment include: (1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

***Commonwealth v. Sinclair***, 897 A.2d 1218, 1223 (Pa. Super. 2006) (internal citations omitted).

- 10 -

As the trial court explained, Appellant's claim fails because he suffered no prejudice by the amendment to the Information or by the trial court's "failure" to grant him a longer continuance. Certainly, as the trial court concluded, Appellant always knew that the defect in the Information constituted a clerical error and that the offense of burglary contained the element of intent. The trial court explained:

> It is clear from the exchange between the court and the parties [at oral argument that Appellant] was not prejudiced by the amendment and [Appellant] had always known that intent was an element of the offense. [Appellant] acknowledged that at the preliminary hearing he argued that the Commonwealth had not established that he intended to commit [a] crime therein. . . .
>
> [Appellant] was fully aware of the element of intent for burglary; he argued it at the preliminary hearing. Therefore, to now argue that new defenses were [] possible based upon [the amended] Information is disingenuous.

Trial Court Opinion, 6/18/15, at 5-6 and 7.

We agree with the trial court and conclude that, even if Appellant preserved his claim that he needed additional time to prepare for trial, the trial court did not abuse its discretion when it continued the case for only one day – the amendment caused Appellant to suffer no prejudice.

Next, Appellant claims that the trial court unconstitutionally "chilled" his right to self-representation when it "denied" his request for a continuance. Appellant's Brief at 20. This claim fails for the reasons stated above. In particular, Appellant's claim fails because: 1) the trial court did not "deny" Appellant's continuance request – rather, the trial court granted

- 11 -

Appellant's motion for a continuance; 2) while Appellant was proceeding *pro se*, Appellant did not request that the trial court afford him a longer continuance so that he could prepare for trial; and, 3) Appellant did not suffer any prejudice as a result of the amendment to the Information or the one-day continuance. Thus, the trial court's action in this case did not unconstitutionally "chill[] [Appellant's] right to self-representation." Appellant's Brief at 23. Appellant's claim to the contrary fails.

Finally, Appellant claims that the trial court abused its discretion when, following Public Defender Thompson's appointment as trial counsel, the trial court "denied" Public Defender Thompson a continuance so that she could prepare for trial. Appellant's Brief at 27. This claim is waived, as Public Defender Thompson did not request a continuance in this case. In fact, Public Defender Thompson expressly stated that she would be ready to proceed on the date scheduled. Pa.R.A.P. 302(a) ("[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"); *Kennedy*, 959 A.2d at 924-925.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2015

- 12 -