

**FILED**
March 26, 2024 03:37 PM
ST-2023-CR-00260
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| PEOPLE OF THE VIRGIN ISLANDS | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. ST-2023-CR-00260 |
| vs. | ) | |
| | ) | **Cite as 2024 Super 15U** |
| KISHON HERBERT | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

¶1     Before the Court are Defendant Kishon Herbert's ("Herbert") Motion to Dismiss Counts Two and Four of the Information filed on September 19, 2023, and the People of the Virgin Islands' ("People") October 27, 2023, Motion to Amend the Information. Having considered the motions, the Court will grant the People's Motion to Amend Information and deny Herbert's Motion to Dismiss Counts Two and Four of the Information as moot.

### I.     BACKGROUND & PROCEDURAL HISTORY

¶2     On April 25, 2023, while two women – Sara Selato-Molyneuax ("Selato-Molyneuax") and Shanya Hanley ("Hanley") – were leaving the Carnival Village and heading towards Emancipation Garden, Herbert tried to engage them in conversation.[1] Selato-Molyneuax and Hanley ignored Herbert and began speaking with another male, Travis Matthew ("Matthew"), an apparent friend of Herbert. Herbert became angry, claimed he was a millionaire, began acting aggressively, drew his firearm, and pointed it at the women. Matthew intervened and de-escalated the situation. Selato-Molyneuax and Hanley then made their way out of the vicinity of the Emancipation Garden. Shortly after, Matthew caught up with Selato-Molyneuax and Hanley and apologized for Herbert's

---

[1] The facts are as reported in the Information and Affidavit in Support of an Arrest Warrant for Kishon Herbert attached to the Probable Cause Fact Sheet.

action. Later that day, a male with the Facebook handle "Khemistry Khzimeh" attempted to contact Hanley, who recognized the male as the individual who pointed a firearm at her and her friend Selato-Molyneuax.

¶3      The next day, April 26, 2023, Selato-Molyneuax's father, Tyrone Molyneuax, went to the Food Fair at Emancipation Garden to confront Herbert about the incident on the previous day involving his daughter and her friend. Tyrone Molyneuax videotaped his interaction with Herbert. VIPD reports that on the video, Herbert can be heard apologizing to Tyrone Molyneuax and claiming that the incident did not happen as it was reported to him. On that same day, at about 3:55 p.m., Selato-Molyneuax reported the April 25, 2023, assault at the Richard Callwood Command. The Virgin Islands Police Department conducted a firearms registry check on Herbert, and it was discovered that Herbert has a permit to possess and carry a firearm in the U.S. Virgin Islands.

¶4      On August 17, 2023, the People filed its Information, charging Herbert with five counts: Third Degree Assault, in violation of V.I. CODE ANN. tit. 14 § 297(a)(2) (Sara Selato-Molyneuax) (Count One); Possession of a Firearm During the Commission of a Third-Degree Assault, in violation of V.I. CODE ANN. tit. 14 § 2253(a) (Count Two); Third Degree Assault, in violation of V.I. CODE ANN. tit. 14 § 297(a)(2) (Count Three) (Shanya Hanley); Possession of a Firearm During the Commission of a Third-Degree Assault, in violation of V.I. CODE ANN. tit. 14 § 2253(a) (Count Four) (Shanya Hanley); and Reckless Endangerment in the First-Degree, in violation of V.I. CODE ANN. tit. 14 § 625(a) (Count Five).

¶5      Herbert filed a Motion to Dismiss Counts Two and Four of the Information on September 19, 2023. Following the filing of the Motion to Dismiss, the People, on October 27, 2023, filed an Opposition to Herbert's Motion to Dismiss and a Motion to Amend Information. Herbert filed an

Opposition to the Motion to Amend the Information on November 1, 2023. The People's Amended Information seeks to amend Counts Two and Four from Possession of a Firearm During the Commission of a Third-Degree Assault, in violation of V.I. CODE ANN. tit. 14 § 2253(a), to Carrying or Using a Dangerous Weapon During the Commission of a Crime of Violence – Assault Third Degree, in violation of V.I. CODE ANN. tit. 14 § 2251(a)(2)(B). The People claim that the amendments are in accord with Rule 3(d) as the amendments do not charge an additional offense nor prejudice a substantial right of Defendant. On the other hand, Herbert argues that the People are seeking to add a different offense, which Rule 3(d) prohibits. Herbert further contends that the amendments should be denied as the People seek to amend the Information to deprive him of his absolute defense to the previous Section 2253(a) charges, as Herbert had a licensed firearm at the time of the alleged offense. Thus, the key issue here is whether the People's amendments seek to add additional or different offenses such that Rule 3(d) of the Virgin Islands Rules of Criminal Procedure has been violated.

## II.  LEGAL STANDARD

¶6      "The Revised Organic Act of 1954 requires that a criminal defendant be informed of the nature and cause of the accusation against him." *Elizee v. People*, 54 V.I. 466, 478 (V.I. 2010) (citing Revised Organic Act of 1954, § 3, 48 U.S.C. § 1561). Generally, for a felony offense, the information is "a plain, concise, and definite written statement of the essential facts constituting the offense." V.I R. Crim. P. 3(b). "For each count, the information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated." *Id*. Even though an information must allege more than just the essential elements of the offense. "so long as there is sufficient factual orientation to permit a defendant to

prepare his defense and invoke double jeopardy, no greater specificity than the statutory language is required." *People v. Whyte*, 62 V.I. 95, 100-01 (V.I. Super. Ct. 2015) (internal citations omitted). Pleading detailed allegations in the information is unnecessary. *Id.* The criminal information should be construed as a whole using common sense to interpret the information to include logically and rationally implied facts. *Gonsalves v. People*, 70 V.I. 812, 844 (V.I. 2019).

¶7     The determination of whether to prosecute a criminal case and what charges to bring generally rests in the prosecutor's discretion. *Browne v. People*, 74 V.I. 601, 611 (V.I. 2021). However, once charges have been filed, leave of the court is required for amendment of an information. Virgin Islands Rule of Criminal Procedure 3(d) governs the procedures for amending an information.  Rule 3(d) allows the court to permit amendment of an information at any time before verdict or finding unless an additional or different offense is charged or a substantial right of the defendant is prejudiced. V.I R. Crim. P. 3(d). *See also Gonsalves v. People*, 70 V.I. at 844 ("The amendment of an information is prohibited if the amendment 1) adds a new or different offense than what was charged or 2) would prejudice a substantial right of the defendant."); *Elizee v. People, 54 V.I. at 478* ("While the Superior Court may permit an information to be amended at any time before the verdict, it may not do so if an additional or different offense is charged, or a substantial right of the defendant is prejudiced."). The additional or different prohibition is independent of any claim of prejudice. Thus, a defendant is not required to show that the amendment will prejudice him, only that the amendment is an additional or different offense. *People v. Yarwood*, 58 V.I. at 70. The objective and fundamental purpose of the additional and different prong is "to place a defendant on notice of the criminal conduct of which he is accused

and to avoid prejudicing his defense by the last-minute additions of substantive changes of which

he is uninformed." *Derrickson v. Meyers*, 177 Fed. Appx. 247, 250 (3d. Cir. 2006).

## III.     ANALYSIS & DISCUSSION

### (a) Additional or Different Offense

¶8      Whether the prosecution is seeking to charge an additional or different offense usually

arises when the prosecution seeks to amend the information or other charging documents to bring

new or altered charges that were not present in the original information. Generally, an additional

or different offense often describes a new charge that requires proof of elements beyond those

required by the original charge. *Lettsome v. People*, 63 V.I. 980, 1007 (App. Div. DC 2015),

affirmed by *Gov't of the Virgin Islands v. Lettsome*, 680 Fed. Appx. 88. (3d Cir. 2017). In other

words, an additional or different offense typically would require proof of an extra or different fact.

In most instances, an amendment is not considered an additional or different offense if the new

charge falls under any of the following categories: it is a lesser included offense,[2] it merely

specifies a different manner of committing the same crime initially charged,[3] it is a related or

cognate offense,[4] seeks to correct an erroneous statutory citation,[5] or cited most of the elements

---

[2] *Archibald v. People*, 70 V.I. 975, 982 (V.I. 2019) ("a defendant is not deprived of his right to notice when the prosecution amends an information to add a lesser-included offense since the elements of the lesser offense are necessarily contained in the greater.").

[3] *Virgin Islands v. Bedford*, 671 F.2d 758, 765, (3d. Cir. 1982)(no new or different offense charged where the count contained all the elements necessary to charge both offenses); *Simon v. Government of the Virgin Islands*, 929 F.3d 118, 134 (3d. Cir. 2019) (substitution of a charge of felony murder for premeditated murder does not constitute a different offense; however, the addition of a robbery charge constitutes an additional or different offense because the information was not detailed enough to alert the defendant of the new charge).

[4] *Commonwealth v. Sinclair*, 2006 PA Super 83, P13, 897 A.2d 1218, 1222 (Pa. Super. 2006) (even where amendment vitiated planned defense, amendment permitted where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment).

[5] *People v. Benjamin*, 2019 V.I. LEXIS 80, *2. 2019 VI SUPER 32U, 2019 WL 3294891 (V.I. Super. Ct. March 2019)

but omitted an essential element of a charge.[6] It is pertinent to note that amended offenses comprising some but not all of the elements of the offense charged initially are not necessarily considered a different offense. *People v. Yarwood*, 58 V.I. 61, 71, (V.I. Super. Ct. Jan. 16, 2013) (amending an information to include a crime, which is not a lesser-included offense, does not necessarily violate the rule prohibiting the amendment of an information to charge an additional or different offense); *Walters v. Government of the Virgin Islands*, 172 F.R.D. 165 (D.V.I. App. Div. 1997) (noting that "it is not necessarily true that amending an information to include a crime which is not a lesser included offense will violate the rule.").

¶9     Here, the People filed an Amended Information to remove Possession of a Firearm During the Commission of a Third-Degree Assault in Counts Two and Count Four of the Information and replace these charges with Carrying or Using a Dangerous Weapon During the Commission of a Crime of Violence – Assault Third Degree. In determining whether the amended charges are considered additional or different, the Court must consider the Information as a whole, the differences between the count initially charged and the count under the proposed amendment, and whether the original Information provides adequate notice of the added charge. *Simon v. Government of the Virgin Islands*, 929 F.3d 118, 134 (3d. Cir. 2019).

¶10    The Court must look at the language of the statute under the original count charged under 14 V.I.C. § 2253(a)[7] and the statutory language of the proposed amended count under 14 V.I.C. §

---

[6] *Lettsome v. People*, 63 V.I. 980, 1007 (App. Div. DC 2015), affirmed by *Gov't of the Virgin Islands v. Lettsome*, 680 Fed. Appx. 88, (3d Cir. 2017) (permitting amendment where the information omitted an essential element from each of the six weapons charges and the defendant had ample notice of the crimes with which he was being charged).
[7] Title 14 V.I.C. § 2253(a) provides:

Whoever, unless otherwise authorized by law, has, possesses, bears, transports or carries either, actually or constructively, openly or concealed any firearm, as defined in Title 23, section 451(f) of this code, loaded or unloaded, may be arrested without a warrant, and shall be sentenced to imprisonment of not less than ten years and shall be fined not less than $10,000 nor more than $15,000 or both the fine and imprisonment, except that if such person shall have been convicted of a felony in any state, territory, or federal court of the

2251(a)(2)(B).[8] To obtain a conviction under Section 2251(a)(2)(B), two elements must be proven. Firstly, it must be shown that the defendant was in possession of a dangerous weapon. Secondly, it must be proven that the defendant intended to unlawfully use the weapon against another person. *Nanton v. People*, 52 V.I. 466, 480–81 (V.I. 2009). Under Section 2251(a)(2), a firearm is considered a dangerous weapon. *Connor v. People*, 59 V.I. 286, 294-295 (V.I. 2013). The determination of whether the dangerous weapon was used in a crime of violence under subsection (B) is not an element of the crime but, instead, serves as a sentence enhancer where the possessor of the dangerous weapon carries or has under his proximate control the weapon during the commission or attempted commission of a crime of violence. *Powell v. People*, 59 V.I. 444, 458 (V.I. 2013).

¶11     The elements of the crime of unauthorized possession of a firearm require proof that "(1) defendant, (2) knowingly (4) possessed, (4) a firearm, (5) without lawful authorization." *Davis v. People*, 69 V.I. 619, 663 (V.I. 2018). Section 2253(a) further provides for circumstances under which the sentence for violating that section is enhanced. Again, although not technically an element of the crime, the application of the penalty enhancement in section 2253(a) that a firearm

---

United States, or if such firearm or an imitation thereof was had, possessed, borne, transported or carried by or under the proximate control of such person during the commission or attempted commission of a crime of violence, as defined in subsection (d) hereof, then such person shall be fined $25,000 and imprisoned not less than fifteen (15) years nor more than twenty (20) years. The foregoing applicable penalties provided for violation of this section shall be in addition to the penalty provided for the commission of, or attempt to commit, the felony or crime of violence.

[8] Title 14 V.I.C. § 2251(a)(2)(B) provides:

Whoever— with intent to use the same unlawfully against another, has, possesses, bears, transports, carries or has under his proximate control, a dagger, dirk, dangerous knife, razor, stiletto, or any other dangerous or deadly weapon shall— if he has previously been convicted of a felony, or has, possesses, bears, transports, carries or has under his proximate control, any such weapon during the commission or attempted commission of a crime of violence (as defined in section 2253(d)(1) hereof) shall be fined $10,000 and imprisoned not more than fifteen (15) years, which penalty shall be in addition to the penalty provided for the commission of, or attempt to commit, the crime of violence.

was possessed during the commission of a crime of violence must be alleged in the information and proved to a jury beyond a reasonable doubt. *Id.* at 664-5. Considering the elements and sentencing enhancer in both offenses, the only factor that essentially distinguishes Possession of a Firearm During the Commission of a Third-Degree Assault and Carrying or Using a Dangerous Weapon During the Commission of a Crime of Violence – Assault Third Degree is "without lawful authorization" element, which is unique to unauthorized possession of a firearm. In analyzing the two statutes and reading the Information as a whole, the Court finds that the proposed amendments do not significantly alter the character of the initial Information in a way that would substantially burden or hamper Herbert's ability to properly raise a defense. *See, e.g., People v. Elmes*, 2020 VI SUPER 65U, 8, 2020 V.I. LEXIS 57, *5 (V.I. Super. Ct. June 2, 2020) (the inclusion of the aiding and abetting statute did not add new or different charges but simply provides an alternate means by which Defendant may be held accountable for the same offenses already charged and does not constitute the charging of new or additional offenses beyond those that were included in the original information).

¶12     While Carrying or Using a Dangerous Weapon During the Commission of a Crime of Violence – Assault Third Degree is not a lesser included offense of Possession of a Firearm During the Commission of a Third-Degree Assault, this does not foreclose the People's amendments to the Information. Amending an information to include a crime that is not a lesser included offense does not automatically or ineluctably violate the additional or different offense prong of Rule 3(d). The court must look at the specific statutes that formed the basis of the criminal charges in the context of existing facts at the time the original Information was filed to determine whether the amendment seeks to add an additional or different offense. In *Virgin Islands v. Bedford*, 671 F.2d

758, 765, (3d. Cir. 1982), the Court of Appeals for the Third Circuit upheld the amendment of an information to include a charge of assault with a deadly weapon when the original information charged only assault with intent to rob. The *Bedford* Court held that "[b]ecause of the detailed and particular language used in Count Three [of the Information], it not only contained all the elements necessary to charge assault with intent to rob, but also all the elements of assault with a deadly weapon. If the government had proved all it had alleged, the crime shown would have constituted both an assault with intent to rob and assault with a deadly weapon." *Virgin Islands v. Bedford*, 671 F.2d at 765. The Appellate Court held that no additional or different offense was charged in the amended information.

¶13    In this instance, the People are not seeking to charge the Defendant with a more serious offense with additional elements. Courts have permitted amendments charging a crime of similar gravity with different elements if the core elements of that crime are the same as those of the crime charged initially. *See, e.g., Commonwealth v. Grekis*, 411 Pa. Super 513, 601 A.2d 1284 (Pa. Super. 1992) (allowing amendment where the crime charged involved the same basic elements and factual situation). The core claim by the People is that Defendant pointed a firearm at Hanley and Selato-Molyneuax. Except for proving that the firearm was unlicensed, all of the elements and enhancing facts required to prove Carrying or Using a Dangerous Weapon During the Commission of a Crime of Violence – Assault Third Degree would be the same elements and enhancing facts to prove Possession of a Firearm During the Commission of a Third-Degree Assault. The amendment would not add an element to the offense which is not present in the current offense. Defendant would not be required to defend against any new element not present in the original offense. Therefore, the amendments to Counts Two and Four of the Information do not constitute

an additional and different offense. *Archibald v. People*, 70 V.I. 795, 983 (V.I. 2019) (explaining that when comparing the elements of two crimes without considering the facts of the case, an offense is not deemed an additional or different if the offense in the amended information does not require an element beyond the offense in the original information).

¶14     The People do not allege any new facts. The prosecution is not adding a new set of facts vastly different from that outlined in the original Information or Affidavit in Support of an Arrest Warrant that was used to support probable cause in the Magistrate Division. The crimes alleged in the Amended Information arose out of the same factual predicate as the crimes in the original Information.[9] *Derrickson v. Meyers*, 177 Fed. Appx. 247, 250 (3d Cir. 2006) (unpublished) ("where the initial information charges an offense that involves the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information, the defendant is deemed to have been placed on notice regarding his alleged criminal conduct." (internal quotation marks and ellipses omitted). The Court, therefore, finds that the People's amendments fall within Rule 3(d).

### (b) Prejudice

¶15     The People argue that Defendant will not be prejudiced by the amendment. A defendant has a constitutional right to fair and adequate notice prior to the commencement of trial of the charges against which he must defend himself. *Archibald v. People*, 70 V.I. at 982. Rule 3(d)

---

[9] *See e.g.*, *State v. Lowe*, 2015 Kan. App. Unpub. LEXIS 49, *6, 342 P.3d 2 (Kan. App. 2015) (unpublished opinion) (explaining that the State's amendment of a complaint to charge an alternative theory for committing the same crime is permitted even if the new theory requires that the State prove different material elements and concluding that even though the amendment changed the elements the State had to prove, the State did not charge a different crime.); *State v. Howard*, 2013 Wash. App. LEXIS 113, *6-7 (Wash. Ct. App. Jan. 22, 2013) (holding that the court did not abuse its discretion by allowing the amendment as the amendment merely specified a different manner of committing the crime originally charged and the defendant should have been prepared to defend against the use of a firearm because the count of first-degree robbery accused him of being armed with a deadly weapon.)

aims to ensure that the defendant is fully apprised of the charges and to avoid prejudice by prohibiting the last-minute addition of alleged criminal acts of which the defendant is uninformed. *People v. Yarwood*, 58 V.I. at 61. At all times, Defendant was fully apprised of the factual scenario that supports the charges in the amended complaint. The probable cause affidavit clearly states that "a firearm registry check was conducted on Mr. K. Herbert with positive results for Herbert having a permit to possess and carry a firearm in the US Virgin Islands." *See Gonsalves v. People,* 70 V.I. at 812 (when considering the prejudice – if any – to the defendant for a claimed lack of notice of the charges, "sources in the information extrinsic to the specific count can be used to determine whether the defendant was sufficiently apprised of the offense charged.").

¶16     From the inception of this case, Defendant was on notice that even though he had a license to carry a firearm, he would be charged with using the firearm to commit a third-degree assault. The Defendant was made aware of his alleged criminal conduct, as the crimes specified in both the original and amended Information involved the same basic elements and originated from the same factual situation. Since Defendant was on notice of the charges in the Amended Information, he cannot feign surprise. It is only where the amended provision alleges a different set of events, or the elements to the amended crime are materially different from the elements to the crime initially charged, such that the defendant would be prejudiced by the change, that the amendment is not permitted. *People v. Elmes*, 2020 VI SUPER 65U at 13.

¶17     It was no secret that the firearm Defendant used to commit the alleged criminal act is a licensed firearm. This was clearly documented in the probable cause fact sheet. It may have been merely an oversight by the People to initially charge the Defendant with Possession of a Firearm During the Commission of a Third-Degree Assault rather than with Carrying or Using a Dangerous

Weapon During the Commission of a Crime of Violence – Assault Third Degree, in the first instance. Defendant claims that the amendment defeats his defense that he has a licensed firearm.[10] The assault charges do not vanish because the Defendant had a licensed firearm. Having a licensed firearm does not create an absolute immunity from prosecution for assault. Indeed, Herbert can still prepare for and assert his defense that "it didn't happen like your heard" which he purportedly told Mr. Tyrone Molyneuax.[11] Hence, Defendant is not prejudiced.

¶18    Timing is a crucial factor in determining prejudice. Courts tend to differentiate between amendments made before and during the trial. *See Elizee v. People, 54* V.I. at 48. This is not a case where the prosecutor is seeking to amend the information on the eve of trial or during or after the presentation of all evidence at trial. Here, there has been no trial, verdict, or finding.[12] The Motion to Amend the Information was brought before the Court with sufficient time for Herbert to prepare for trial. The Court finds that Defendant has adequate time to prepare his defense.

## IV.    CONCLUSION

¶19    For the reasons stated above, the amendments proposed by the People do not constitute additional or different offenses within V.I.R. Crim. P. 3(d). Because the Court will grant the Peoples' Motion to Amend the Information, the Court need not decide Defendant's Motion to Dismiss Counts Two and Four in the original Information as that motion is now moot. Accordingly, it is hereby

---

[10] *Cf., People v. Benjamin*, 2019 V.I. LEXIS 80 at *4 (court permitting amendment and overruling Defendant's objection where the Defendant objected to replacing the word "rifle" with the word "weapon" because the Magistrate Judge found probable cause to charge the Defendant with pointing a rifle, and no rifle was found in defendant's possession).

[11] Affidavit in Support of an Arrest Warrant at ¶14

[12] Moreover, any prejudice in preparation before the trial can be avoided by granting a continuance.

**ORDERED** that the People's Motion to Amend Information is **GRANTED,** and the

Amended Information is deemed the Information in this matter; and it is further,

**ORDERED** that Defendant **KISHON HERBERT**'s Motion to Dismiss Counts Two and

Four of the original Information is **DENIED as moot**; and it is further

**ORDERED** that this Order be directed to all counsel of record.

DATED: <u>March 26, 2024</u>

**CAROL THOMAS-JACOBS**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By: _____  3/26/2024
Latoya Camacho
Court Clerk Supervisor