J-A29016-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID R. ANDERSON | : | |
| | : | |
| Appellant | : | No. 1529 WDA 2018 |

Appeal from the Judgment of Sentence Entered, August 29, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0010177-2016.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    FILED MAY 08, 2020

David R. Anderson appeals from the judgment of sentence imposed following his conviction for accidents involving death or personal injury and related offenses.[1]  For the reasons that follow, we affirm.

The trial court summarized the relevant factual and procedural history as follows:

> The charges alleged that on December 20, 2015, [Anderson] was driving his Chevy Silverado pickup truck on Federal Street Extension in the City of Pittsburgh when he struck Gregory Simpson as he was crossing the street.  [Anderson's] vehicle also hit Simpson's parked vehicle which caused that vehicle to strike another vehicle belonging to a Christine Quaye.  [Anderson] did not remain on the scene but continued driving.  [Forty-two days after the accident, Simpson died.]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] See 75 Pa.C.S.A. § 3742(a).

* * * *

[Anderson] . . . told . . . investigators that on December 20, 2015, he went to a bar after dinner where he drank "at least" three vodkas and orange juice. He claims not to remember anything after he began drinking at the bar. When he awoke the next morning, he discovered damage to the right front of his 2007 gray Chevrolet Silverado pick-up. He cut off the damaged bumper, disposed of it in the trash and took the truck to Jeff's Automotive Repair. He did not submit the repair bill to his insurance, instead paying in cash for the repair work.

[Anderson] was originally charged by a criminal complaint filed on August 3, 2016, with one count . . . of accidents involving death or personal injury, recklessly endangering another person, involuntary manslaughter and tampering/fabricating physical evidence and two counts of accident involving damage to unattended vehicle or property. [He waived his preliminary hearing.] Inexplicably, however, when the criminal information in this matter was filed, the count charging the offense of accidents involving death or personal injury only averred ". . . Gregory Simpson was seriously injured. . ." and failed to allege that he had died. The count also cited to the incorrect grading subsection, 75 Pa.C.S.A. § 3742(b)(2) and listed the charge as a felony 3.

Subsequently, on August 16, 2017, when the matter was scheduled for trial, the Commonwealth made an oral motion to amend the criminal information to include the allegation that Gregory Simpson had died, which would have increased the grading to a felony 2. [Anderson] objected. The court continued the matter and stated that it would take the request for amendment under advisement. Later that day, the Commonwealth filed a written motion to amend the criminal information. In that motion, the Commonwealth alleged that it had provided [Anderson], in discovery, with a copy of the February 2, 2016 autopsy report on the death of Gregory Simpson. The Commonwealth amendment proposed adding the words "and died" after the words "seriously injured" in count 1 and changing the reference to the subsection charged from "(b)(2)" to "(b)(3)," which had the effect of increasing the grading of the offense to a felony 2. [Anderson] filed a response, objecting to the amendment, arguing that an amendment was not permitted under Pa.R.Crim.P. 564.

- 2 -

The parties appeared on November 13, 2017. The court heard argument on the proposed amendment and then granted the Commonwealth motion. The court postponed the trial. Eventually, after several additional continuances, the matter proceeded to a bench trial on May 22, 2018. At the conclusion of that trial, [Anderson] was adjudged guilty at all four counts. On August 29, 2018, he was sentenced to not less than three (3) nor more than six (6) years for the charge of accidents involving death or personal injury and to no further penalty on the remaining counts. [Anderson] filed a post[-]sentence motion which was denied.

Trial Court Opinion, 5/7/19, at 1-5 (footnotes and some capitalization omitted).

Anderson filed a timely notice of appeal. Both Anderson and the trial court complied with Pa.R.A.P. 1925. Anderson raises the following claims for our review:

1. Did the trial court error [sic] in allowing the Commonwealth to make a substantive amendment to the criminal information following [Anderson's] formal arraignment?

2. Did the trial court error [sic] in denying [Anderson's] post-sentence motion when the Commonwealth stipulated that it could not meet its burden in this case, as the case was charged in the amended criminal information and two (2) Commonwealth witnesses also testified that the Commonwealth could not meet its burden?

Anderson's Brief at 4.[2]

_____

[2] In his brief, Anderson discusses his issues in reverse order. However, we will address them in the order they are presented in his statement of questions presented.

In his first issue, Anderson claims the trial court erred by permitting the Commonwealth to amend the criminal information. As indicated above, the original criminal information charged Anderson with violating § 3742(a), which prohibits an individual involved in an accident resulting in death or serious bodily injury from leaving the accident scene.[3] Subsection (b) of the statute provides the grading and penalties applicable to a violation of subsection (a). Importantly, "the penalties for not stopping increase with the magnitude of the results of the accident, but the obligation to stop [under subsection (a)] applies no matter how serious those results might be." Commonwealth v. Wisneski, 29 A.3d 1150, 1153 (Pa. 2011).

Although the criminal complaint averred that Simpson died as a result of the injuries he sustained in the accident and charged Anderson with involuntary manslaughter, the original criminal information nevertheless graded the charge of § 3742(a) under subsection (b)(2), which applies when

_____

[3] Section 3742(a) provides, in relevant part, as follows:

> The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid).

75 Pa.C.S.A. § 3742(a).

the victim suffers serious bodily injury.[4]   However, because the criminal

complaint charged Anderson with involuntary manslaughter on the theory that

Simpson died as a result of the injuries he sustained when he was struck by

Anderson's vehicle, the trial court allowed the Commonwealth to amend the

information to change the grading from subsection (b)(2) to subsection

(b)(3)(i), which applies when the victim dies.[5]   The court then granted a

continuance of the trial to allow Anderson adequate time to make any

necessary adjustments to his defense.

Pennsylvania Rule of Criminal Procedure 564 governs the amendment

of a criminal information.   The version of Rule 564 in effect when the trial

court granted the Commonwealth's motion to amend the information,

provided as follows:

> The court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense.   Upon amendment, the court may

---

[4] Pursuant to subsection (b)(2), "If the victim suffers serious bodily injury, any person violating subsection (a) commits a felony of the third degree, and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than 90 days and a mandatory minimum fine of $1,000 . . ."   75 Pa.C.S.A. § 3742(b)(2).

[5] Pursuant to subsection (b)(3), "If the victim dies, any person violating subsection (a) commits a felony of the second degree, and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years and a mandatory minimum fine of $2,500 . . ."   75 Pa.C.S.A. § 3742(b)(3)(i).

- 5 -

grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564 (effective until December 20, 2017).[6]

When presented with a question concerning the propriety of an order authorizing the amendment of an information, we consider the following:

> Whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted. Additionally, [i]n reviewing a grant to amend an information, the court will look to whether the appellant was fully appraised of the factual scenario which supports the charges against him. Where the crimes specified in the original information involved the same basic elements and arose out of the same factual situation as the crime added by the amendment, the appellant is deemed to have been placed on notice regarding his alleged criminal conduct and no prejudice to defendant results.

_____

[6] The rule was subsequently amended to read as follows:

> The court may allow an information to be amended, provided that the information as amended does not charge offenses arising from a different set of events and that the amended charges are not so materially different from the original charge that the defendant would be unfairly prejudiced. Upon amendment, the court may grant such postponement of trial or other relief as is necessary in the interests of justice.

Pa.R.Crim.P. 564 (effective December 21, 2017). The purpose of this amendment was to more accurately reflect judicial interpretation of the rule that has developed since it first was adopted in 1974. See id., Comment.

Further, the factors which the trial court must consider in determining whether an amendment is prejudicial are:

(1) whether the amendment changes the factual scenario supporting the charges; (2) whether the amendment adds new facts previously unknown to the defendant; (3) whether the entire factual scenario was developed during a preliminary hearing; (4) whether the description of the charges changed with the amendment; (5) whether a change in defense strategy was necessitated by the amendment; and (6) whether the timing of the Commonwealth's request for amendment allowed for ample notice and preparation.

Commonwealth v. Beck, 78 A.3d 656, 660 (Pa. Super. 2013) (citations and some capitalization omitted). Stated another way, the test is "whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information." Commonwealth v. Sinclair, 897 A.2d 1218, 1221 (Pa. 2006).

When the trial court exercises its discretionary power to allow amendment of the information, a defendant will be afforded relief only if the defendant was prejudiced by the amendment. Commonwealth v. Veon, 109 A.3d 754, 768 (Pa. 2015); Commonwealth v. Witmayer, 144 A.3d 939, 947 (Pa. Super. 2016). If there is no prejudice, the amendment of the information is allowed up to and including the day of trial. See Sinclair, 897 A.2d at 1224.

Anderson contends that, under the version of Rule 564 in effect at the time of the amendment, the Commonwealth was required to allege a "defect" in the information for any amendment to be permitted. He argues that the

Commonwealth was not entitled to an amendment because it did not claim any defect in the information. Anderson further argues that the amendment was not permitted by Rule 564 because it charged him with a different offense, increased the grading from a third-degree felony to a second-degree felony, and increased the mandatory minimum sentence from three months to three years.

In denying relief, the trial court concluded that Anderson suffered no prejudice because the amendment did not add new facts or offenses, and Anderson had ample notice and time to prepare for the amendment. It reasoned as follows:

> The amendment did not change the factual scenario of which [Anderson] was put on notice. [Anderson] has known, from when he was first charged by criminal complaint in August 2016, that Mr. Simpson died as a result of the injuries suffered in the accident. [Anderson] has, accordingly, known since then that he would have to defend against allegations that he was involved in an accident, that he left the scene of that accident and that Gregory Simpson suffered serious bodily injuries and/or died as a result of the accident. . . .
>
> * * * *
>
> The amendment added no additional alleged criminal acts. The alleged criminal act, [§ 3742(a),] leaving the scene of an accident when [Anderson] knew or should have known that someone suffered serious bodily injury or died, is the same regardless of whether the accident resulted in death or serious bodily injury. The only change in the information was to put [Anderson] on notice of the enhanced penalty he faced because of the death of Mr. Simpson.
>
> Nor did the amendment require that [Anderson] suddenly had to defend on the basis of causation. Causation is not an element of the offense. Whether or not he caused the accident

- 8 -

and whether or not he caused the death or injury was not something that had to be decided to reach a verdict. In Commonwealth v. Wisneski, the Supreme Court wrote: "It is also worth noting that the obligation to stop is not triggered by causation; determining who caused the accident or the death is not part of the statute and is hence irrelevant. It is involvement alone that triggers the obligation to stop..." 29 A.3d 1150, 1153 (Pa. 2011). Regardless of whether [Anderson] caused the accident or caused the injury or death, he had an obligation to stop and render aid or assistance.

This amendment did nothing more than change the subsection cited for the grading of the offense back to what was reflected in the original criminal complaint. [Anderson] could not possibly claim that he believed that he was only defending on a charge based on [Simpson] only suffering injury when [Anderson] knew that [Simpson] had died. That death was alleged in the original criminal complaint, both in the count charging a violation of section 4732 and in the charge of involuntary manslaughter. Moreover, the Commonwealth's request to amend the information alleged that the death occurred several weeks after the accident. Accordingly, [Anderson] knew 21 months prior to trial that Mr. Simpson died and [Anderson] knew nine months prior to trial that the Commonwealth was seeking a conviction on the higher graded offense. [Anderson] had more than enough time to make any adjustments to his defense that [were] was required.

Trial Court Opinion, 5/7/19, at 10-12.

Here, the offense alleged in the original information was the same as that alleged in the amended criminal information; namely, that Anderson violated § 3742(a) when he failed to stop after he was involved in an accident resulting in serious bodily injury or death.[7] No additional or different offenses were asserted in the amended information. No additional facts were included in the amended information. Under either information, the Commonwealth's

_____

[7] As noted above, Anderson waived his preliminary hearing.

burden of proof remained the same: i.e., that Anderson was involved in an accident resulting in serious bodily injury or death and failed to stop. Thus, the crime specified in the original information involved the same basic elements and evolved out of the same factual situation as the crime specified in the amended information. See Sinclair, 897 A.2d at 1221.

That the Commonwealth did not allege a "defect" in the original information does not entitle Anderson to relief. While the language of the prior version of Rule 564 provides for an amendment when there is a "defect" in the information, the Commonwealth's failure to use that particular term when seeking the amendment is not fatal. As the case law makes clear, the purpose of Rule 564 is to ensure that a defendant is fully apprised of the charges, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed. See Sinclair, 897 A.2d at 1221.

Moreover, the basis of the Commonwealth's motion to amend was that the grading of § 3742(a), as indicated in the original information, did not match the factual and legal averments contained in the criminal complaint. Specifically, the grading of § 3742(a) under subsection (b) was wholly inconsistent with the factual averment in the criminal complaint that Simpson died as a result of the injuries he sustained when he was struck by Anderson's vehicle. Thus, although the Commonwealth did not use the word "defect," it

sought the amendment in order to correct the inconsistencies between the criminal complaint and the original information.

While the amendment changed the grading of § 3742(a) from a felony of the third degree to a felony of the second degree, and increased the applicable period of incarceration, a change in grading or increase in penalties does not necessarily cause prejudice. See Commonwealth v. Picchianti, 600 A.2d 597, 599 (Pa. Super. 1991) (holding that the mere possibility amendment of an information may result in a more severe penalty due to the addition of charges is not, of itself, prejudice); see also Commonwealth v. Jones, 466 A.2d 691, 692 (Pa. Super. 1983) (holding that a change in the grade of a criminal mischief charge does not amount to an additional charge or to the charging of another offense). As noted above, Anderson is not entitled to relief unless the amendment caused prejudice. See Veon, 109 A.3d at 768; Witmayer, 144 A.3d at 947.

Based on the record before us, we conclude that Anderson has not convinced us that he was prejudiced by the amendment. The criminal complaint filed in 2016, which charged Anderson with involuntary manslaughter, clearly placed him on notice that Simpson died and that the Commonwealth attributed Simpson's death to the injuries he sustained in the accident. Moreover, upon granting the Commonwealth's request for amendment, the trial court continued the trial for six months in order to ensure that Anderson had ample time to make any necessary changes to his

defense. Beck, 78 A.3d at 660. Because Anderson has not demonstrated that he was prejudiced by this amendment, we conclude the trial court did not abuse its discretion in permitting the Commonwealth to amend the information. Thus, Anderson's first issue warrants no relief.

In his second issue, Anderson claims the trial court should have granted his post-sentence motion for a judgment of acquittal because the Commonwealth did not meet its burden of proving a violation of § 3742(a), as worded in the amended information. Anderson points out that, in amending the criminal information, the Commonwealth failed to use the statutory language, i.e., that he drove a vehicle that was "involved in an accident resulting in injury or death." Instead, Anderson argues, the amended information averred that he drove a vehicle which was "involved in an accident in which Gregory Simpson was seriously injured and died . . .." Amended Criminal Information, 1/8/18, at unnumbered 2 (emphasis added). According to Anderson, "the Commonwealth must prove what is in the criminal information . . . not what is in the statute." Anderson's Brief at 10. Based on the wording of the amended information, Anderson claims that the Commonwealth had to prove that Simpson died during the accident. Anderson claims that the trial court erred in denying his post-trial motion for judgment of acquittal because it was undisputed that Simpson died forty-two days after the accident and not "in" the accident.

The trial court determined that the variance between the wording of the statute and the wording in the amended information did not provide Anderson with a basis for acquittal. In so ruling, the trial court relied on our Supreme Court's decision in Commonwealth v. Jones, 912 A 2d. 268 (Pa. 2006).

In Jones, the Court explained that a criminal indictment or information must be read in a common-sense manner and must not be construed in an overly-technical sense. Id. at 289 (noting that it upheld flawed criminal indictments where they put the defendant on sufficient notice of a charge against him). The Jones Court stated:

> [A] purported variance will not be deemed fatal unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof, or impairs a substantial right.

Id.

Here, the trial court determined that the variance between the statutory language and the amended information was not fatal. It reasoned:

> [Anderson] cannot honestly contend that he believed that the Commonwealth was alleging, and would be required to prove, that [Simpson] died at the scene of the accident rather than on a later date as a result of the accident. [Anderson] knew that Mr. Simpson died sometime after the accident. That was alleged in the criminal complaint and was set forth in the autopsy report [Anderson] received in discovery.

Trial Court Opinion, 5/7/19, at 16.

We conclude that the language of the amended criminal information was adequate to notify Anderson that he could be convicted for failing to stop

following his involvement in an accident resulting in death. Regardless of the precise language used, the amended information clearly directed Anderson's attention to § 3742(a), which applies when an individual is involved in an accident "resulting in injury or death." 75 Pa.C.S.A. § 3742(a) (emphasis added). Moreover, the amended information specifically directed Anderson to subsection (b)(3)(i), which applies "[i]f the victim dies." Id. § 3742(b)(3)(i). Furthermore, the record demonstrates that Anderson understood that the criminal complaint averred Simpson's death as a result of the accident and graded Anderson's violation of § 3742(a) under subsection (b)(3). See Anderson's Opposition to Commonwealth's Motion to Amend Criminal Information, at ¶ 4. The record also demonstrates that Anderson understood that he faced not only the charge that the accident resulted in Simpson's death, but also the enhanced grading and penalties under subsection (b)(3)(i). See id. at ¶¶ 31, 46. Therefore, as we ascertain no error in the trial court's denial of Anderson's motion for judgment of acquittal, Anderson's second issue warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/8/2020